GREEN v. CHICAGO, B. & Q. RY. CO.

(Circuit Court, E. D. Pennsylvania. September 7, 1906.)

No. 62.

1. COURTS—JURISDICTION OF FEDERAL COURTS—FOREIGN CORPORATIONS—SERVICE OF PROCESS.

A federal court does not acquire jurisdiction of a corporation of another state by service of process on an officer or agent of the corporation within the state where the court is held unless it appears from some part of the record or by the return that the corporation is doing business in such state.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 814-816.]

2. SAME—STATE STATUTE.

A railroad company, incorporated in Illinois, filed the statement required by Pa. Act April 22, 1874 (P. L. 108) to entitle it to do business in Pennsylvania and designating its agent in that state. Subsequently such company leased its lines to defendant, an Iowa corporation, which thereafter operated the same. The designated agent of the lessor in Pennsylvania testified that he thereafter performed the same services for the lessee that he had previously for the lessor. *Held* that, in the absence of proof of the terms of the lease, it did not appear that defendant was doing business in Pennsylvania under the registration of its lessor or was in any way bound or affected by it, and that a federal court in that state did not acquire jurisdiction of defendant by service of process on such designated agent of the lessor; it not appearing that defendant was in fact doing business in the state.

On Rule to Show Cause Why Service of Summons should Not be Vacated.

Frank P. Prichard and John G. Johnson, for plaintiff.
Francis Rawle, for defendant.

J. B. McPHERSON, District Judge. Without setting out in detail the undisputed facts upon which the plaintiff relies to establish the proposition that the defendant is doing business in the state of Pennsylvania, and was therefore properly served with the writ, I think it is enough to say that in my opinion these facts do not present a case

essentially different from the case that was considered in Earle v. Chesapeake & Ohio R. R. Co. (C. C.) 127 Fed. 235. It was there held that the company was not doing business in this state, and if that case was rightly decided, it seems to me that the present controversy also must be determined in favor of the defendant.

One difference between the two cases remains to be noticed briefly. On May 21, 1900, the Chicago, Burlington & Quincy Railroad (not Railway) Co. filed in the office of the Secretary of the Commonwealth the statement required by the Pennsylvania act of April 22, 1874 (P. L. 108.) That statute (section 1) forbids any foreign corporation to "do any business in this commonwealth, until said corporation shall have established an office or offices and appointed an agent or agents for the transaction of its business therein."

Section 2 is as follows:

"It shall not be lawful for any such corporation to do any business in this commonwealth, until it shall have filed in the office of the Secretary of the Commonwealth a statement under the seal of said corporation, and signed by the president or secretary thereof, showing the title and object of said corporation, the location of its office or offices, and the name or names of its authorized agent or agents therein; and the certificate of the Secretary of the Commonwealth, under the seal of the commonwealth, of the filing of such statement, shall be preserved for public inspection by each of said agents in each and every of said offices."

In accordance with the requirements of this act, the railroad company filed the statement just referred to, declaring that offices had been established at Philadelphia and at Pittsburg, and that the agent at Philadelphia was Harry E. Heller. No such statement has ever been filed by the railway company defendant, but Mr. Heller testified that he performed the same duties for it as he had performed for its predecessor, the railroad company. Counsel have agreed that the two corporations are different entities, the railroad company having been chartered by the state of Illinois, and the railway company having been chartered by the state of Iowa; that the former leased its lines for a long term of years to the latter about October 1, 1901, and that the property has since been operated by the defendant. Similar facts did not appear in Earle v. Railroad Co., but I do not think that they require the court to reach a different conclusion in the present case. For this there are two reasons, as it seems to me: First, the lease has not been offered in evidence, and I am therefore unable to say how completely the defendant has stepped into the shoes of its lessor. Prima facie, registration under the Pennsylvania statute by one corporation could neither bind nor protect another corporation, without sufficient proof—and perhaps not even then—that the two were substantially identical, or that the latter had assumed the obligations of the former in this respect. For all that appears, the defendant may be maintaining its office and agency in Philadelphia without any reference to the statement filed by the railroad company under the act of 1874, and in violation of the statutory provisions.

The second reason is to be found in the decisions of the Supreme Court of Pennsylvania that are referred to upon the brief of defendant's counsel. I regret to be unable to discuss them more fully, and

to be obliged to confine myself to announcing that I agree with the position that under these decisions the defendant is not "doing business" in Pennsylvania, and is not, therefore, constructively within the state, and amenable to process therein.

It follows that the writ of summons was not lawfully served, and that the service must be set aside.

The rule is accordingly made absolute.

A writ of error in this case has been taken to the Supreme Court.