### COLOSINO et al. v. PITTSBURGH & L. E. R. CO.

(District Court, E. D. Pennsylvania. February 2, 1914.)

No. 2322.

1. COURTS (§ 344*)—PROCEDURE—PROCESS—SERVICE—WHAT LAW GOVERNS.
    Whether a summons in an action in a federal court may be served within a federal district must be determined by the law of the United States.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. § 344.*]

2. COURTS (§ 274*)—FEDERAL COURTS—JURISDICTION.
    Under Judicial Code, §§ 51, 52 (Act March 3, 1911, c. 231, 36 Stat. 1101 [U. S. Comp. St. Supp. 1911, p. 150]), providing for the venue of suits brought in the federal courts, an action brought by Italian subjects residing in Italy, for death of their son, against a corporation of Pennsylvania and Ohio, must be brought in the federal district where the corporation is a legal resident.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. § 274.*]

3. COURTS (§ 274*)—FEDERAL COURT—DISTRICT—ACTION AGAINST CORPORATION.
    Where a railroad company was incorporated in Pennsylvania and Ohio, having its office and transacting its business in the Western district of Pennsylvania, and transacted no business and had no office or place of

business in the Eastern district, the fact that it was a part of a fast freight line, consisting of the traffic departments of a number of railroads, maintaining a chief clerk in the Eastern district, whose authority was limited to the solicitation of freight, did not make it a resident of the Eastern district so as to subject it to suit there by service of process on such clerk.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. § 274.*]

At Law. Action by Agostino Colosino and others against the Pittsburgh & Lake Erie Railroad Company. On motion to set aside service of summons. Granted.

Joseph W. Henderson, of Carlisle, Pa., and Francis Rawle, of Philadelphia, Pa., for plaintiffs.

Morgan, Lewis & Bockins, of Philadelphia, Pa., for defendant.

J. B. McPHERSON, Circuit Judge. This suit was brought in the Eastern district of Pennsylvania on December 2, 1912. Although the principal office of the defendant company and its tracks in this state are in the Western district, the summons was served in Philadelphia. The manner of service is shown by the marshal's return:

"At Philadelphia in my district served the within writ on the Pittsburgh & Lake Erie Railroad Company by handing a true and attested copy thereof to H. A. Barnes, chief clerk in charge of its office No. 226 Bourse Building, 5th above Chestnut St., Philadelphia, being unable upon inquiry to ascertain the residence of any of its officers residing in the district."

[1-3] The plaintiffs attempt to sustain the service by invoking the Pennsylvania act of 1903 (P. L. 139), a supplement to the act of 1901, (P. L.) 614); but, as was pointed out in Earle v. Railway Co. (C. C.) 127 Fed. 237—where the act of 1901 was appealed to—the first question to be decided is, not whether the summons was properly served, but whether it could be served at all within this district. This is not to be determined by the law of the state, but by the law of the United States. Turning to the relevant sections (Nos. 51 and 52) of the Judicial Code that has been in force since January 1, 1912, we find that such a suit as this—an action for the death of a son, brought by Italian subjects residing in that kingdom, against a corporation of Pennsylvania and Ohio—must be brought in the federal district where the corporation is a legal resident. Therefore, unless the defendant resides in the Eastern district of Pennsylvania, or has waived its privilege by a voluntary appearance to the action, this court cannot entertain the suit, and the attempted service of the summons is ineffective. No such appearance was entered, and the plaintiffs undertook to prove that the defendant was doing business, and was therefore residing, in this district. But in my opinion the effort was not successful. The facts are not in dispute; I find them to be as set forth by the two witnesses whose affidavits were laid before the court. C. H. Rolf testified for the defendant as follows:

"I am and was on December 2, 1912, employed by the New York Central Fast Freight Lines as commercial agent. The New York Central Fast Freight Lines is an association of the traffic departments of a number of railroad com-

panies, including the defendant corporation, the Pittsburgh & Lake Erie Railroad Company. My duties and powers consist solely of the solicitation of freight traffic for movement via the various railroads which are members of said association. I sell no tickets and receive no payments for transportation of freight, and have no power to do either. In some cases, for the convenience of shippers whose freight is consigned to prepayment points (that is to say, points where there is no agent of a railroad company with authority to receive payments for freight), I receive checks in advance for the freight, and forward them to the agent of the proper railroad company. Such checks are drawn to the order of such agent of such railroad company, and are not collected by me or through my office. In some cases, also, for the convenience of shippers who have received bills of lading from the initial line for freight routed over the defendant corporation's line, I am authorized to give exchange bills of lading over that line. There has, in fact, never been an exchange bill of lading issued by me, or by any one in my office, over the defendant corpor- 'ion's line. Neither I nor any one employed in my office has power or authority to transact any business, or does or has in fact transacted any business, for the New York Central Fast Freight Lines, or for the defendant corporation, except as above stated.

"I have no written contract with the said New York Central Fast Freight Lines, but am employed by that association from month to month, upon a salary, for the performance of the duties above described. I have no contract whatever, either written or oral, with the defendant corporation. The lease for the office, Nos. 224, 226, and 228, Bourse Building, Philadelphia, is taken in the name of the New York Central Fast Freight Lines, and the defendant corporation has no control of said office, or of me, or of any other person connected with said office, except such indirect control as it may be able to exercise by its membership in said association.

"The defendant corporation, the Pittsburgh & Lake Erie Railroad Company, is a corporation incorporated under the laws of the state of Pennsylvania and state of Ohio, having its principal office, and transacting its business, in the Western district of Pennsylvania; and the said corporation transacts no business, and has no office or place of business, in the Eastern district of Pennsylvania at the present time, nor has it ever transacted business, or had an office in said district, at any time prior hereto. Said corporation has no property in the Eastern district of Pennsylvania, and has had no property therein at any time prior hereto. Its principal office has been, and still is, in Pittsburgh, Allegheny county, in the Western district of Pennsylvania, and all its tracks within the state of Pennsylvania are located in said western district.

"H. A. Barnes is the chief clerk in charge of the office of the association above referred to, under and subject to my direct and exclusive control, and his sole duties are to assist me in transacting and performing the duties above described. His wages are paid by me on behalf of the said association, which furnishes me with the funds for that purpose."

And Robert P. Hewitt testified for the plaintiffs as follows:

"Robert P. Hewitt, being duly sworn, deposes and says as follows: I am informed and believe that the offices of the defendant in Philadelphia, in connection with the New York Central Fast Freight Lines, are in rooms 224, 226, and 228, Bourse Building. These are two rooms: one of them is approximately 50 feet long by 22 feet wide, in which there are seven desks, and where about 10 clerks are at work. The other room is approximately 10 feet long by 22 feet wide, and is apparently the room where files are kept.

"On the main entrance door of the offices, there is painted on the glass the name, 'Pittsburgh & Lake Erie R. R.' This name likewise appears on the stationery. A copy of defendant's letter head is attached hereto as 'Exhibit A.' Upon inquiry of a clerk in the office, information was given that complete data for transportation of freight over defendant's line was on hand, and that that office did a great deal of business for the defendant company."

As it seems to me, discussion of these facts would be superfluous. The case is ruled by Green v. Railway Co., 205 U. S. 530, 27 Sup. Ct.

595, 51 L. Ed. 916; s. c. (C. C.) 147 Fed. 767. See, also, Earle v. Railway Co., supra.

The rule to set aside the service is made absolute.