GREEN *v.* CHICAGO, BURLINGTON AND QUINCY
RAILWAY COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF PENNSYLVANIA.

No. 435.   Submitted April 8, 1907.—Decided April 29, 1907.

While in case of diverse citizenship the suit may be brought in the Circuit
Court for the district of the residence of either party, there must be
service within the district; and if the defendant is a non-resident corpora-
tion service can only be made upon it if it is doing business in that dis-
trict in such a manner, and to such an extent, as to warrant the inference
that it is present there through its agent.

A railroad company which has no tracks within the district is not doing
business therein in the sense that liability for service is incurred because
it hires an office and employs an agent for the merely incidental business
of solicitation of freight and passenger traffic.

147 Fed. Rep. 767, affirmed.

THE facts are stated in the opinion.

*Mr. Frank P. Prichard* and *Mr. John G. Johnson* for plaintiff
in error:

When a corporation, through its properly constituted agents,
engages in business in a foreign jurisdiction, it may, irrespective
of any consent, be found there for purposes of suit, and service
upon its agents is service upon it, provided always that the
agent is of such a representative character that service upon
him may properly be considered service upon the corporation.
*Lafayette Ins. Co.* v. *French,* 18 How. 404; *Ex parte Schollen-
berger,* 96 U. S. 369; *St. Clair* v. *Cox,* 106 U. S. 350; *Barrow
Steamship Co.* v. *Kane,* 170 U. S. 100.

The courts of England have reached the same conclusion
and the doctrine thus established will probably be ultimately
recognized as the true doctrine in all the courts, state as well
as Federal.

As to what constitutes the doing of business by a foreign corporation, it is manifestly impossible for the courts to lay down any hard and fast rule. A single isolated transaction would not usually be sufficient, although the transaction might be of such magnitude, and involve so many acts as to be an exception to such a rule. A series of transactions in the State long continued usually amounts to the carrying on of business, but here again the acts might be of such a character, as, for example, the mere solicitation by traveling salesmen as not to come within the rule. Each case must be judged by its own circumstances. There are, however, certain elements, which, if one or more of them exist, are usually considered to indicate the carrying on of a business, as *e. g.:*

The establishment of a permanent office to which all persons having business with the corporation may come.

The employment of an agent located within the State, who is advertised as a general agent of the corporation for such business as it transacts in the State.

The continuous making within the State of contracts binding on the corporation.

Examining the facts of the present case as disclosed by the evidence and in the light of the principles above referred to, it is submitted that the defendant was subject to the jurisdiction of the United States Circuit Court in which it was sued.

*Mr. Francis Rawle* for defendant in error.

MR. JUSTICE MOODY delivered the opinion of the court.

The plaintiff in error, a citizen of Pennsylvania, brought an action in the Circuit Court for the Eastern District of Pennsylvania to recover damages for personal injuries alleged to have been incurred in Colorado through the negligence of the defendant, against the defendant in error, a corporation

created by the laws of the State of Iowa, and, therefore, for jurisdictional purposes, a citizen of that State. The return upon the writ shows a service "on Chicago, Burlington and Quincy Railway Company, a corporation which is doing business in the Eastern District of Pennsylvania . . . by giving a true and attested copy to Harry E. Heller, agent of said corporation." The defendant appeared specially for the purpose of disputing jurisdiction. The Circuit Court held that the service was insufficient, because the defendant was not doing business within the district, and that decision is brought here by writ of error for review.

The jurisdiction of the Circuit Court in this case was founded solely upon the fact that the parties were citizens of different States. In such a case the suit may be brought in the district of the residence of either. Act of March 3, 1875, chap. 137, § 1, as corrected by act of August 13, 1888, chap. 866, § 1 (25 Stat. 434). But to obtain jurisdiction there must be service, and the service was upon the corporation in the Eastern District of Pennsylvania. Its validity depends upon whether the corporation was doing business in that district in such a manner and to such an extent as to warrant the inference that through its agents it was present there.

The eastern point of the defendant's line of railroad was at Chicago, whence its tracks extended westward. The business for which it was incorporated was the carriage of freight and passengers, and the construction, maintenance and operation of a railroad for that purpose. As incidental and collateral to that business it was proper, and, according to the business methods generally pursued, probably essential, that freight and passenger traffic should be solicited in other parts of the country than those through which the defendant's tracks ran. For the purpose of conducting this incidental business the defendant employed Mr. Heller, hired an office for him in Philadelphia, designated him as district freight and passenger agent, and in many ways advertised to the public these facts. The business of the agent was to solicit and procure passengers

and freight to be transported over the defendant's line. For conducting this business several clerks and various travelling passenger and freight agents were employed, who reported to the agent and acted under his direction. He sold no tickets and received no payments for transportation of freight. When a prospective passenger desired a ticket, and applied to the agent for one, the agent took the applicant's money and procured from one of the railroads running west from Philadelphia a ticket for Chicago and a prepaid order, which gave to the applicant, upon his arrival at Chicago, the right to receive from the Chicago, Burlington and Quincy Railroad a ticket over that road. Occasionally he sold to railroad employés, who already had tickets over intermediate lines, orders for reduced rates over the defendant's lines. In some cases, for the convenience of shippers who had received bills of lading from the initial line for goods routed over the defendant's lines, he gave in exchange therefor bills of lading over the defendant's line. In these bills of lading it was recited that they should not be in force until the freight had been actually received by the defendant.

The question here is whether service upon the agent was sufficient, and one element of its sufficiency is whether the facts show that the defendant corporation was doing business within the district. It is obvious that the defendant was doing there a considerable business of a certain kind, although there was no carriage of freight or passengers. In support of his contention that the defendant was doing business within the district in such a sense that it was liable to service there, the plaintiff cites *Denver &c. Railroad Co.* v. *Roller*, 100 Fed. Rep. 738, and *Tuchband* v. *Chicago &c. Railroad*, 115 N. Y. 437. The facts in those cases were similar to those in the present case. But in both cases the action was brought in the state courts, and the question was of the interpretation of a state statute and the jurisdiction of the state courts.

The business shown in this case was in substance nothing more than that of solicitation. Without undertaking to

formulate any general rule defining what transactions will constitute "doing business" in the sense that liability to service is incurred, we think that this is not enough to bring the defendant within the district so that process can be served upon it. This view accords with several decisions in the lower Federal courts. *Maxwell* v. *Atchison &c. Railroad,* 34 Fed. Rep. 286; *Fairbank & Co.* v. *Cincinnati &c. Railroad,* 54 Fed. Rep. 420; *Union Associated Press* v. *Times Star Co.,* 84 Fed. Rep. 419; *Earle* v. *Chesapeake &c. Railroad,* 127 Fed. Rep. 235.

The judgment of the Circuit Court is

*Affirmed.*