# MITCHELL MINING CO. *v.* EMIG.

APPEAL AND ERROR; SPECIAL APPEALS; APPEARANCE; PROCESS; FOREIGN
CORPORATIONS; SERVICE BY PUBLICATION.

1. This court will be justified in refusing an application for a special appeal, where more than twenty days have elapsed since the making of the interlocutory order sought to be appealed from. (Following *National Cable Co.* v. *Washington & G. R. Co.* 8 App. D. C. 478.)

2. Where this court allows an appeal from an interlocutory order, and thereafter it appears that more than twenty days elapsed between the making of the order appealed from and the application for the appeal therefrom, it is probably discretionary with the court to entertain an appeal to review the order, as the rules of court do not especially prohibit the allowance of a special appeal from an interlocutory order after the expiration of twenty days.

3. *It would seem* to be within the power of the lower court, upon a sufficient petition for the purpose, to appoint receivers of property within the District of Columbia belonging to a foreign corporation, although the corporation may not do business in the District of Columbia at the time, and to that extent proceed upon the substituted notice provided by statute in analogus cases.

4. The service of process provided in case of a foreign corporation doing business in the District of Columbia will have no effect if the corporation is not in fact so engaged at the time of the alleged service.

5. Whether the lower court may under any circumstances authorize receivers which it has appointed, to sue for the recovery of property in another jurisdiction, is a question determinable by the courts of that jurisdiction, in event such a suit is brought therein.

6. Where this court granted a special appeal applied for by the defendant, a foreign corporation, from three orders,—the first appointing receivers of the corporation, the second authorizing the receivers to bring suit in a foreign jurisdiction, and the last overruling a motion by the defendant on a special appearance to vacate the return of the summons and to set aside the subsequent orders, on the ground that the defendant was not doing business and had no place of business in the District; and it thereafter appeared that the application for the special appeal was made more than twenty days after the

first and second orders were entered,—the court dismissed so much of the special appeal as applied to such orders (citing *National Cable Co.* v. *Washington & G. R. Co. supra*); and also dismissed the general appeal taken by the defendant from the last order, as it was not a final one.

7. Jurisdiction is not acquired over the defendant in an action against a foreign corporation by leaving a copy of the summons at a room in an office building rented by the defendant and used only for the storage of some of its effects, where it appears that the defendant at the time of the attempted service had ceased to do corporate business in the District of Columbia, and its officers had left the District. (Construing D. C. Code, sec. 1537, 31 Stat. at L. 1419, chap. 854, following *New York Continental Jewell Filtration Co.* v. *Karr*, 31 App. D. C. 459; and distinguishing *Ricketts* v. *Sun Printing & Pub. Asso.* 27 App. D. C. 222; *Ferguson Contracting Co.* v. *Coal & Coke R. Co.* 33 App. D. C. 159; and citing *Ambler* v. *Archer*, 1 App. D. C. 94.)

8. A special appearance and a motion to vacate the service of process do not constitute a general appearance because the motion also seeks the vacation of certain orders of the court made after the return of the process, where the single ground assigned by the motion is the invalidity of the service. (Following *Dexter* v. *Lichliter*, 24 App. D. C. 222, and distinguishing *Guarantee Sav. L. & Invest. Co.* v. *Pendleton*, 14 App. D. C. 384, and *Costello* v. *Palmer*, 20 App. D. C. 210.)

No. 2170, Submitted October 6, 1910. Decided November 1, 1910.

HEARING on an appeal by the defendant (specially allowed) from an order of the Supreme Court of the District of Columbia overruling a motion to vacate the service of summons upon a foreign corporation.                                   *Reversed.*

The COURT in the opinion stated the facts as follows:

This is a special appeal from an order denying a motion to vacate the service of summons upon a foreign corporation.

This bill was filed by Clayton E. Emig, alleging that he was both a stockholder and judgment creditor of the corporation, and praying for the appointment of a receiver of the property of defendant. It is alleged that defendant was incorporated under the laws of the Territory of Arizona, and has abandoned its affairs there. That it owns certain stock in a mining and

railway corporation operating in the Republic of Mexico, which stock is believed to be in the District of Columbia. That the defendant is insolvent and unable to protect its interests. That defendant has removed its office furniture from the Metropolitan Bank building in the District to the Fleming building, and has stored its papers, records, etc., in some storage house unknown to complainant. There is no direct allegation that the defendant is doing business in the District of Columbia. The return of service of subpœna shows that a copy was left "at the principal place of business of the defendant in the District of Columbia March 15th, 1910." On the same day a rule to show cause why a receiver should not be appointed was returned served in the same manner. March 18th an order was entered appointing Emig, and Luke C. Strider, receivers, with power to take charge of all the assets of the defendant in the District or under the control of its officers. March 23d, 1910, another order was entered, authorizing the receivers to bring suit in the State of New York to recover certain shares of stock of the defendant held in trust by a trust company. March 28th the receivers filed a petition praying authority to issue receivers' certificates to raise money, which does not appear to have been acted upon. On April 4, 1910, the defendant appeared specially by motion to vacate the return of service of the subpœna and of the rule to show cause, the order appointing receivers, the order authorizing suit in New York, and to dismiss the petition on that ground. The motion was accompanied by affidavits of the president and secretary of the defendant corporation, in which it is stated that the defendant had been and was doing no business in the District of Columbia, and had no place of business and no officer or agent therein. It was further stated that the room in the Fleming building, referred to in the bill, was merely a storage room for certain effects, was not an office or place of business, and there was no one occupying or in charge of the same.

In opposition to the motion, the affidavit of Luke C. Strider was to the effect that he had been a director of the defendant since 1907; that defendant had rented an office in the National

Metropolitan Bank building, in the District, for the purpose of transacting business; that the lease was executed May 16th, 1908, by the president, and the office furniture and fixtures removed thereto from the City of New York, for the express purpose of conducting its business. That in February, 1909, he attended a business meeting in said office. That the office furniture was removed to the Fleming building, later, save and except a safe and some articles that were removed to the home of the president at Forrest Glen, Maryland. That on March 16th, 1910, having been informed by plaintiff of the service, he called at said place of business in the Fleming building, and found a copy of the rule to show cause, which he delivered to the president, informing him where it had been found.

The affidavit of Emig shows that his information concerning the office and business was derived from hearsay. He states that after the service of process the president delivered to him the furniture and safe, and the secretary gave him the combination to the safe and all effects in said Fleming building, and gave the key of the room to the superintendent of the building. He attached the lease of the room in the Metropolitan Bank building, dated March 16th, 1908, which shows a lease from month to month of the room, to be used as a general office, for $25 per month. A circular letter of the president, dated Washington, D. C., October 25, 1907, to stockholders, was also attached. Certain letters of the president to affiant were also attached. These, written at Forrest Glen, Maryland, contained nothing tending to show that the defendant was doing business in the District of Columbia. The court entered an order April 6, 1910, denying the motion to quash; whereupon the defendant applied to this court for the allowance of a special appeal from the orders of March 18 and 23, and April 6, which was granted April 21, 1910.

*Mr. Samuel S. Watson* for the appellant.

*Mr. John Ridout* and *Mr. C. E. Emig* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appellee has filed a motion to dismiss the appeal, because, as to the orders of March 18 and 23, the application was too late. Assuming, for the purposes of this motion, that the defendant was properly before the court when those orders were entered, the lapse of time would have justified the court in refusing so much of the application had its attention been called thereto. *National Cable Co.* v. *Washington & G. R. Co.* 8 App. D. C. 478. The rules of the court do not expressly prohibit the allowance of a special appeal from an interlocutory order after the expiration of twenty days from its entry. Having allowed the appeal notwithstanding the lapse of time, it is probably discretionary with the court to entertain the same and review the orders. It is contended by the appellant that the earlier orders are necessary incidents of the last order, and therefore properly included in an application for an appeal therefrom. In view of our conclusion regarding the action on the motion to vacate the return of service, it is not necessary to decide either of those questions. We may remark that it would seem to be within the power of the supreme court of the District, upon a sufficient bill for the purpose, to appoint receivers of property within the District belonging to a foreign corporation, though the latter may not be doing business in the District at the time, and to that extent to proceed upon the substituted notice provided by statute in analogous cases. The service of process provided in case of a corporation doing business in the District of Columbia would have no effect if it were not in fact so engaged. Whether the court could, under any circumstances, authorize the receivers to sue for the recovery of property in another jurisdiction is a question necessarily determinable by the courts of that jurisdiction, in case such suit be begun therein. For these reasons we will exercise our discretionary power, and dismiss so much of the special appeal as applies to the orders of March 18 and 23, without prejudice. As the order of April 6 was not a final order, the general appeal prosecuted therefrom will be dismissed.

Coming now to the real question before us, we are of the opinion that the court erred in denying the motion to vacate the return of the subpoena.   Service upon foreign corporations is controlled by the Code, which authorizes it in certain ways upon those "doing business" in the District.   Sec. 1537.   Unless the conditions required exist, the court can acquire no jurisdiction.   *Ambler* v. *Archer,* 1 App. D. C. 94–106; *New York Continental Jewell Filtration Co.* v. *Karr,* 31 App. D. C. 459–464; *Ferguson Contracting Co.* v. *Coal & Coke R. Co.* 33 App. D. C. 159–168; *Green* v. *Chicago, B. & Q. R. Co.* 205 U S. 530, 51 L. ed. 916, 27 Sup. Ct. Rep. 595.

The affidavits show that at the time the copy of the process was left at the room in the Fleming Building, the defendant was not doing business in the District of Columbia.   That it formerly had an office in the Bank building, where corporate business had been transacted, is sufficiently shown by by the opposing affidavits; but that fact does not warrant the service of process after that office had been closed and the corporation had ceased to do business at all.   *New York Continental Jewell Filtration Co.* v. *Karr, supra.*   The facts are quite different from those shown in the cases where this court has held that the corporation was doing business to such an extent as to warrant the service of process upon its agents or at its place of business.   *Ricketts* v. *Sun Printing & Pub. Asso.* 27 App. D. C. 222; *Ferguson Contracting Co.* v. *Coal & Coke Co.* 33 App. D. C. 159.

It appears plainly that the office in the Bank building had been abandoned, and that the room in the Fleming building had been used as a storage room merely.   No corporate meeting was ever held there, and no corporate business had been there transacted.   The president, if he ever lived in the District, then lived in Maryland.

The appellee Strider, who was himself a director, attended a directors' meeting in the Bank building office, but stated no fact tending to show that such meetings had ever taken place in the room in the Fleming building, or that any business whatever had since been transacted in the District of Columbia.

It is, however, contended by the appellees, that the motion

to vacate went beyond the requirements of the same, and involved the merits of the case, and therefore had the effect of a general appearance.

It is well settled that one cannot avail himself of the right to vacate the process after a general appearance to the merits. *Guarantee Sav. L. & Invest. Co.* v. *Pendleton,* 14 App. D. C. 384–387; *Costello* v. *Palmer,* 20 App. D. C. 210–219. In both of those cases there had been an undoubted general appearance and contest of the case.

We do not consider the motion in this case as amounting to such an appearance. Its sole ground was the invalidity of the return because the corporation was not doing any business in the District, and had no office therefor at which process could be left, and the appearance was special for that purpose. It is true the motion was also to vacate the several orders made in the case, and dismiss the petition. Assuming that this was going farther and asking more than the appellant was entitled to, still the single ground upon which the vacation of the orders was prayed was the invalidity of the process. Under some circumstances the vacation of an order or judgment entered upon invalid process might properly be made. We think that the facts disclosed by the record bring the case within the principle governing the decision in *Dexter* v. *Lichliter,* 24 App. D. C. 222–228. See also *Wabash Western R. Co.* v. *Brow,* 164 U. S. 271–279, 41 L. ed. 431–434, 17 Sup. Ct. Rep. 126.

There being no error in denying the motion, the order of April 6, 1910, will be reversed, with costs, and the cause remanded, with direction to vacate the return upon the subpœna and the rule to show cause.                    *Reversed.*