### CHASE BAG CO. v. MUNSON STEAMSHIP LINE et al.

(Court of Appeals of District of Columbia. Submitted January 8, 1924. Decided February 5, 1924.)

No. 4054.

1. **Corporations** ⊙—642(4½)—**Steamship company having agent selling prepaid orders for tickets held not "doing business" within District of Columbia.**

A steamship company with an agent in the District of Columbia selling prepaid orders for tickets, and whose only compensation was 5 per

⊙—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cent. of the amount collected, *held* not "doing business," within Code, § 1537, authorizing actions against foreign corporations doing business in the district.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

2. **Constitutional law ☞309(3)—Corporations ☞668(10)—Authority required of agent for service of process on foreign corporation doing business in District of Columbia stated; service on foreign corporation's "agent" not possessing authority justifying conclusion that principal is in District of Columbia, not due process.**

The "agent" or person contemplated by Code, § 1537, authorizing service in actions against a foreign corporation doing business in the District on its agent conducting business there, must be possessed of such authority as will justify the conclusion that his principal, by him, is in the District; otherwise, a judgment against the foreign corporation would be void under the due process clause of the Fourteenth Amendment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Agent.]

Appeal from the Supreme Court of the District of Columbia.

Action by the Chase Bag Company against the Munson Steamship Line and the United States Shipping Board Emergency Fleet Corporation. From an order quashing the service of summons, plaintiff appeals. Affirmed.

Hugh H. Obear, M. Carter Hall, and George F. Wells, all of Washington, D. C., for appellant.

Frank E. Scott, of Washington, D. C., for appellees.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. The Chase Bag Company, a Missouri corporation, having its principal place of business in the city of St. Louis, entered into a contract with the Munson Steamship Line, a New York corporation, having its headquarters in New York and operating a line of steamers between Mobile, Ala., and Buenos Aires, Argentina, S. A., whereby the latter agreed to transport for the Bag Company a large quantity of freight from Mobile to Buenos Aires. The steamship line, it is alleged, violated its contract, and thereby damaged the Bag Company in the sum of $93,147, for which it brought suit against the steamship line in the Supreme Court of this District. Service of summons was made upon the steamship line by delivering a copy thereof to one Ernest I. Ober as the agent of the steamship line. In due time the steamship line appeared specially and moved to quash the service of the summons on the ground that it was insufficient and void.

Testimony bearing on the motion was taken. The vice president of the steamship line testified that Ober was not an agent of his corporation; that he, Ober, conducted six general steamship ticket agencies in the city of Washington; that he received no salary or regular compensation from the steamship line here involved; that the ordinary course of his business, so far as the steamship line was concerned, was to sell what is called "prepaid orders" directing the steamship line to turn over

to the purchaser a ticket, for which Ober collected the required amount; that the only compensation which he received was in the form of a commission of 5 per cent. upon the amount paid to him for the prepaid orders; that in exceptional cases steamship tickets already signed were sent to him for delivery; and that Ober had no authority to sign contracts or to otherwise bind the steamship line. The "prepaid order" mentioned by the vice president was written on a form which "requested" the steamship line to honor it upon presentation. It does not direct the line to turn over to the purchaser a ticket, as stated by the vice president, nor does it purport to bind the steamship line in any way. The passenger traffic manager of the steamship line, in answer to a letter written at Washington, and addressed to the New York office of the line, asking for information concerning a trip to South America, referred the inquirer to Ober, whom he spoke of as the steamship line's agent at Washington. Ober said he was a general steamship broker or agent, representing in Washington about 67 steamship lines, among them being the appellee, that he never had in his possession "any tickets or other contract" which he was authorized to sign in behalf of the Munson Steamship Line, and that he never entered into any contract in behalf of that line and was in no wise authorized to do so.

This, in substance, is all the material testimony on the subject. The motion to quash was sustained, and this court, upon application of the Bag Company, granted a special appeal, which brings the case here for our consideration.

[1, 2] District Code, § 1537, provides that in actions against foreign corporations doing business in the District all process may be served on the agent of such corporation or person conducting its business there. But what constitutes "doing business"? That is the inquiry which must be answered in this case. Obviously, anything the agent of a corporation may do in the District would not be the "doing of business" therein by the corporation. A railroad company is often the agent of a consignor to deliver a shipment to a consignee in the District; but the delivery of it would not be the doing of business by the consignor, within the meaning of the Code. If it would be, service on the railroad company would be sufficient to bring the shipper into court. The agent or person contemplated by the Code must be possessed of such authority as will justify the conclusion that his principal, by him, is in the District. If the authority does not do that, the court would be without right to pronounce a personal judgment against the defendant corporation, and if the court should render such a judgment it would be void, as offending against the due process clause of the Fourteenth Amendment to the Constitution.

The Supreme Court of the United States has refused to announce any all-embracing rule as to what constitutes the doing of business by a foreign corporation in such a manner as to subject it to a given jurisdiction. Each case, it has said, is to be decided upon its own facts. St. Louis Southwestern Railway Co. of Texas v. Alexander, 227 U. S. 218, 227, 33 Sup. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77. The Chicago, Burlington & Quincy Railway Company, an Iowa corporation, was sued in Pennsylvania by one Green, a citizen of that state. The service of summons was made upon the soliciting agent of the company,

who was designated as district freight and passenger agent. The railroad hired an office for him and supplied him with several clerks and traveling passenger and freight agents, who acted under his direction. When a prospective passenger desired a ticket and applied to the agent for it, the agent took the applicant's money, and procured from one of the railroads running west from Philadelphia a ticket for Chicago and a prepaid order, which gave to the applicant, upon his arrival in Chicago, the right to receive from the defendant company a ticket over that road. He also had some duties with respect to bills of lading. It was held that the business done was in substance nothing more than that of solicitation, and, because of this, that the service was invalid. Green v. Chicago, Burlington & Quincy Railway Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916. The agent in that case possessed the same power as Ober did with respect to selling prepaid orders. He solicited business for the railroad company, as Ober did for the steamship line, but he differed from Ober, in that he was paid a fixed salary, was supplied with office room at the expense of the railroad company, and also with a large number of assistants. Yet he was held not to be such an agent as one upon whom service might be made that would bind his principal. It is said by the appellant that this is an extreme case. If so, the Supreme Court, not this court, must limit the principle which it announced.

In Philadelphia & Reading Railway Co. v. McKibbin, 243 U. S. 264, 37 Sup. Ct. 280, 61 L. Ed. 710, the railroad company was sued in New York on a cause of action arising in another state. Service of summons was had on the president of the company while he was passing through New York on his own private business. It was contended that because another railroad company sold in New York, by authority of the defendant company, tickets good over the latter's line, and collected the price of them, to be accounted for later to the defendant company by the selling company, the defendant was engaged in business in New York in such a way as to warrant the inference that it was present in New York. The agent of the defendant did more than Ober did. It made a binding contract by selling a ticket, while Ober delivered only a request for a ticket. But the court held that the defendant company was not present in the state, and suppressed the summons.

The state of Minnesota had a statute which provided that:

"Any foreign corporation having an agent in this state for the solicitation of freight and passenger traffic or either thereof over its lines outside of this state, may be served with summons by delivering a copy thereof to such agent." Gen. St. 1913, § 7735, subd. 3.

A railroad company, which did not own or operate a line in Minnesota, maintained there an agent for solicitation of traffic. Recovery was sought from it for loss of grain shipped under a bill of lading issued by the carrier in Kansas for transportation over its lines from one point in that state to another. Action was commenced against it in Minnesota, and service of summons was made upon the soliciting agent. Clearly the service was authorized by the Minnesota statute, but the Supreme Court of the United States held the statute was void, and declared that the service of summons on such an agent was not sufficient

to give jurisdiction over the railroad company. Davis v. Farmers' Co-operative Co., 262 U. S. 312, 43 Sup. Ct. 556, 67 L. Ed. 996. It is true that the court put its decision upon the footing that the statute was void, because it imposed an unreasonable burden upon interstate commerce, but said that it had no occasion to decide whether it also violated the due process clause. Of course, if Congress had passed a statute similar to the Minnesota enactment, it would not be condemned upon the score that it was an undue burden upon interstate commerce, because Congress has the right to burden such commerce, but it would be open to the inquiry as to whether it did not violate the due process clause. If the corporation was not present in the state by its soliciting agent, then service upon him would not be service upon it, and the court would be without jurisdiction to render a personal judgment against the corporation since it had never been properly brought before the court and subjected to its jurisdiction. However that may be, the decision is authority for the proposition that maintaining an agent in a state for the solicitation of business, without more, does not justify the conclusion that the corporation which does so has thereby submitted itself to the jurisdiction of the state. People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 38 Sup. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537, holds it is the settled law that the practice of sending soliciting agents into a state does not "amount to that doing of business which subjects the corporation to the local jurisdiction for the purpose of service of process upon it."

We do not think that Wendell v. Holland-American Line, 40 App. D. C. 1, is an authority for appellant. In that case the agent sold tickets for the steamship line, received the money for them, and completed on behalf of the line the contract of transportation, which became binding without ratification by the principal. The agent was authorized to contract in the name of the steamship line    Ober was not authorized to do so. Therein lies the distinction.

We are satisfied that the steamship line was not doing business by Ober in the District at the time service was made on him, and therefore that the order quashing the service of summons was right, and it is affirmed, with costs.

Affirmed.