## CANCELMO et al. v. SEABOARD AIR LINE RY.

(Court of Appeals of District of Columbia. Submitted February 2, 1926. Decided April 5, 1926.)

No. 4295.

1. **Railroads** ⊚⟺33(2)—**Railroad, maintaining soliciting agent and employing general counsel in District, held not "doing business," within statute (Code, § 1537).**

Railroad, which had no tracks within District, and whose only activity was the solicitation of traffic for outside the District and employment of a general counsel, *held* not "doing business" within the District, under Code, § 1537, and service of process on its soliciting agent was ineffective.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

2. **Corporations** ⊚⟺642(1)—**Corporation is not "doing business" in District, unless business is of such character and extent as to warrant inference that it has subjected itself to jurisdiction (Code, § 1537).**

For a foreign corporation to be "doing business" within the District, under § 1537, its business must be of such a character and extent as to warrant inference that it has subjected itself to the jurisdiction.

In Error to the Municipal Court of the District of Columbia.

Action by A. Victor Cancelmo and another, trading as A. Cancelmo, against the Seaboard Air Line Railway. Motion to quash service of summons was granted, and plaintiffs bring error. Affirmed.

E. L. Hunter and J. T. Crouch, both of Washington, D. C., for plaintiffs in error.

G. E. Hamilton, J. J. Hamilton, G. E. Hamilton, Jr., Edmund Brady, and H. R. Gower, all of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The partnership known as A. Cancelmo sued the Seaboard Air Line Railway in the municipal court of the District of Columbia, to recover the sum of $300 for loss and damage by reason of delay on 400 crates of egg plants shipped by one Peterson from Palmetto, Fla., May 9, 1923, to Cancelmo, at Philadelphia, Pa.

Summons was served upon the company by copy left with G. W. Vierbuchen as the agent conducting its business in the District of Columbia. A motion to quash the service was filed by the company, upon the ground, among others, that it was a foreign corporation which was not transacting business in the District of Columbia; that its only activity in the District was the solicitation of traffic and the employment of a general counsel; and that the company therefore was not subject to such a suit therein. The municipal court sustained this motion and quashed the service. This proceeding has been brought to review that order.

[1] It appears in the record that the Seaboard Air Line Railway is a Virginia corporation having its offices at Richmond, Va.; that it is a common carrier of freight and passengers in interstate commerce, operating railroad lines in and through Virginia, North Carolina, South Carolina, Georgia, Florida, and Alabama; that it does not own or operate any railroad line within the District of Columbia, nor at any place nearer thereto than Richmond, Va., nor does it operate any train or engage in the business of a common carrier in the District; that it does not maintain any office in the District of Columbia, nor does it employ any agents therein for the conduct of any of its business or affairs, except as shown by the following undisputed statement, to wit:

"The Seaboard Company, in connection with the Chesapeake & Ohio Railway Company, a corporation, occupies office space at 714 Fourteenth Street, Northwest, Washington, D. C.; that this office is in charge of G. W. Vierbuchen, its District passenger agent, and certain other assistants and employees; that the said G. W. Vierbuchen (who is also traffic representative of the Richmond, Fredericksburg & Potomac Railway Company, a corporation hereinafter called the Richmond Company) is exclusively employed by the Seaboard Company to solicit freight and passenger business over lines of the Seaboard Company located outside of the District of Columbia; that (with the exception noted in paragraph 5 hereof) the other representatives of the Seaboard Company at 714 Fourteenth Street, Northwest, Washington, D. C., are engaged in and employed by the Seaboard Company for the purpose of soliciting passenger and freight business for the lines of the Seaboard Company outside of the District of Columbia; that the Seaboard Company is not the only carrier transporting passengers and freight south from Richmond, Va., and to secure such business originating in Washington, D. C., and north thereof, the Seaboard Company has representatives in Washington, D. C., whose function is to induce the diversion of such business to the lines of the Seaboard Company at Richmond, Va.; that neither the passengers nor the freight secured by these representatives for the Seaboard Lines south of the District of Columbia are carried by the Seaboard Company in the District of Columbia, but they are received, transported, and discharged by the Seaboard Company wholly outside of the District of Columbia.

"4. That the said Richmond Company, a Virginia corporation, engaged in the District of Columbia in the business of a common carrier of freight and passengers, maintains at the above address, 714 Fourteenth Street, Northwest, a ticket office for the sale of tickets; that the said G. W. Vierbuchen, of whom mention has been made, is traffic representative of the said Richmond Company, and Joseph Hurney, a representative of the Seaboard Company at 714 Fourteenth Street, Northwest, Washington, D. C., is also a city ticket agent of the Richmond Company; that the said Richmond Company, at the said office, through its said ticket agent, sells the usual form of railroad passenger coupon tickets, on which is indicated by printed legend the issue of the said tickets by the Richmond Company; that the said Richmond Company's coupon tickets entitle the purchaser to passage over the lines of the Richmond Company from Washington, D. C., to Richmond, Va. (by virtue of one coupon), and also from Richmond, Va. (by virtue of another coupon), over the line of the Seaboard Company to other points, none of them within the District of Columbia; that the said coupon tickets consist of a form of contract between the passenger and the Richmond Company and coupons attached; that in addition to the Richmond Company coupon for passage from Washington to Richmond, as a part of the said ticket, is a coupon

showing issuance by the Richmond Company, but entitling the purchaser to passage over the line of the Seaboard Company from Richmond to some other point (not within the District of Columbia); that such ticket contains a separate coupon for passage over the line of each carrier in the through route; that the whole ticket is issued by the Richmond Company, and each coupon so recites, and each coupon is marked, 'Void if detached.' The proceeds from the sale of such coupon tickets are deposited in the bank account of the Richmond Company, and on subsequent interline accounting the Seaboard Company receives a part of the fare proportionate to its participation in the carriage.

"5. That the function of the representatives of the Seaboard Company at the office of 714 Fourteenth Street, Northwest, Washington, D. C., is to secure business for the lines of the Seaboard Company outside of the District of Columbia, and that in furtherance of that object representatives of the Seaboard Company at said office have for sale Seaboard scrip or interchangeable mileage books which are good for passage on any steam railroad in the continental United States for the number of miles indicated thereon, and also, on occasion, as an accommodation to intending passengers by way of avoiding delay or difficulty at some station on the Seaboard Line, the said representatives make up (by writing in on blanks in a printed form the initial point and destination) and sell a special form of contract for passage between certain points on the Seaboard Lines outside of the District of Columbia, so written in on the said contract; that the reason and purpose of this is to favor patrons of the through route to the South, of which the Seaboard Company operates the portion south from Richmond, and for which coupon tickets are sold in Washington by the Richmond Company, and to induce the selection, as against competing routes, of the through route to the South, of which the Seaboard Company operates a part; that all of this is incident to the solicitation of traffic for the Seaboard Company; that the said representatives of the Seaboard Company are not supplied with, and do not sell, in the District of Columbia, any regular local card tickets of the Seaboard Company.

"6. That Mr. Forney Johnston has the designation of general counsel of the Seaboard Air Line Railway Company, and maintains an office in the Southern Building, Washington, D. C.; that his functions in respect of the Seaboard Air Line Railway Company are purely advisory in matter of general corporation policy and in representation of the Seaboard Air Line Railroad Company before the Interstate Commerce Commission; that he is not a member of the Bar of the Supreme Court of the District of Columbia nor of the Court of Appeals of the District of Columbia; that he has no duties in respect of, and performs no services in connection with, the operation of the Seaboard Air Line Railroad Company as a common carrier in the District of Columbia; that he has no duties and performs no services in connection with claims of shippers or consignees of Seaboard Air Line Railway shipments, and that he transacts no business for the Seaboard Air Line Railway Company local to the District of Columbia."

We think that the foregoing facts are sufficient to sustain the action of the municipal court. It is provided by section 1537, Code D. C., consistently with the due process clause, that in actions brought in the courts of the District of Columbia against foreign corporations doing business in the District summons may be served on the agent of such corporation or person conducting its business, and such service shall be effectual to bring the corporation before the court. In the instant case, however, it appears that the Seaboard Company was not "doing business in the District," within the purview of the statute. It is plain that the service performed for the company by Mr. Johnston as advisory counsel, and as representative of the company before the Interstate Commerce Commission, was not such as to bring the company constructively into the District, and the service rendered by Vierbuchen amounted to no more in contemplation of law than soliciting passenger and freight business for the company's lines outside of the District. This does not sustain the claim that the company was doing business within the District.

[2] It is true that the soliciting agents of the company had for sale certain Seaboard scrip or interchangeable mileage books good for travel over any railroad in the United States, and they were also authorized to issue special tickets for passage between certain points on the company's lines outside of the District of Columbia. But such transactions did not take place in the usual course of ticket selling; they were special and limited in character, and were merely incidental

to the business of soliciting. When fairly considered, these conditions did not affect the character of the agents as mere solicitors of traffic. A railroad company which has no tracks within a district is not doing business therein, in the sense that liability for service is incurred because it hires an office and employs an agent for the merely incidental business of solicitation of freight and passenger traffic. Green v. C. B. & Q. Ry. Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916. No all-embracing rule has been laid down as to what constitutes the manner of doing business by a foreign corporation to subject it to process in a given jurisdiction. The business must be such in character and extent as to warrant the inference that it has subjected itself to the jurisdiction. St. Louis S. W. Ry. v. Alexander, 227 U. S. 218, 33 S. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77. Considerations of public policy tend strongly against the claim of the plaintiff in error and are entitled to be considered in case of doubtful construction. A., T. & S. F. Ry. Co. v. Weeks, 254 F. 513, 166 C. C. A. 71.

The facts in the instant case differ essentially from those in Wendell v. Holland American Line, 40 App. D. C. 1, where the agent representing the foreign corporation in the District of Columbia sold on commission at a regular place of business tickets and reservations for the passage from New York, and received the money for them, and completed on behalf of the corporation the contract of transportation, which became binding upon it without ratification. These facts were held sufficient to charge the corporation with doing business in the District.

The defendant in error furthermore insists that the decision below should be sustained upon the ground that the assumption of jurisdiction by the court in such cases would impose an unreasonable burden upon interstate commerce in violation of the commerce clause of the federal Constitution (Const. art. 1, § 8, cl. 3). This contention is based upon the fact that the claimant is not a resident of the District of Columbia, that the contract for transportation was not made here, and that the goods in question were not received nor were they to be discharged in the District. Davis v. Farmers' Co-operative Co., 262 U. S. 312, 43 S. Ct. 556, 67 L. Ed. 996. We do not find it necessary, however, to pass upon this question.

Upon the ground first above stated, we affirm the order of the municipal court, with costs.