## NEELY v. PHILADELPHIA INQUIRER CO.

### No. 5494.

Court of Appeals of the District of Columbia.
Argued Oct. 10, 1932.
Decided Dec. 19, 1932.

T. Morris Wampler and Joseph C. Turco, both of Washington, D. C., for appellant.

Frank J. Hogan, Edmund L. Jones, and John W. Guider, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from an order of the Supreme Court of the District of Columbia quashing process, upon motion, in an action of tort against the appellee, a Delaware corporation, publishing a newspaper in the city of Philadelphia.

Further recital of the allegations of damage in the declaration is unnecessary for disposition of the case.

The process of summons was served upon the Washington correspondent of the defendant, who occupied two office rooms in the National Press Building, the rent and other expenses of which were paid by the defendant company, whose name appeared on the door, in the telephone book, and perhaps elsewhere, as the tenant of the premises.

The correspondent was a news gatherer for the company with no other duty or authority except such as was directly and necessarily incidental to his news gathering and the transmittal thereof to the main office of the company in Philadelphia.

By its motion and supporting affidavits the defendant denied that it was doing business in the District of Columbia within the meaning of the Code section governing service upon foreign corporations in this jurisdiction, and also denied that the correspondent was its agent as contemplated by that section, which provides as follows:

"In actions against foreign corporations doing business in the District all process may be served on the agent of such corporation or person conducting its business, or, in case he is absent and can not be found, by leaving a copy at the principal place of business in the District, or, if there be no such place of business, by leaving the same at the place of business or residence of such agent in said District, and such service shall be effectual to bring the corporation before the court.

"When a foreign corporation shall transact business in the District without having any place of business or resident agent therein, service upon any officer or agent or employee of such corporation in the District shall be effectual as to suits growing out of contracts entered into or to be performed, in whole or in part, in the District of Columbia or growing out of any tort committed in the said District." Code D. C., title 24, § 373, Act March 3, 1901, 31 Stat. 1419, c. 854, § 1537, Act June 30, 1902, 32 Stat. 544, c. 1329, Act Feb. 1, 1907, 34 Stat. 874, c. 445.

The authority for service in this case is asserted and denied under the first paragraph of the foregoing section, and, since the validity of the service is thereby made to depend upon whether the defendant was doing business in the District of Columbia, that is the first, if not the only, question for consideration.

And in a line of cases the Supreme Court has announced the principles upon which said question must be decided, while expressly declining to attempt the formulation of a general statement as to what acts shall constitute a doing of business sufficient to bring a foreign corporation within the scope of such a statute.

For each case is to be considered and decided upon its own facts and circumstances, though in a general way it may be said that the business done must be of such character and extent as to warrant the inference that the foreign corporation is present by its agent in the jurisdiction of the process, and has thereby subjected itself to the laws of that jurisdiction. So a foreign corporation may be doing business of a certain kind to a considerable extent, actually and obviously, and yet not be subject to such a statute, if its activities go no further than solicitation, though somewhat elaborately organized and advertised. Green v. C., B. & Q. R. R. Co., 205 U. S. 530, 532, 27 S. Ct. 595, 51 L. Ed. 916.

While if its activities include not only solicitation but the fulfillment thereof by shipment of goods and receipt of payments, the statute shall apply. International Harvester Co. v. Kentucky, 234 U. S. 579, 587, 34 S. Ct. 944, 58 L. Ed. 1479.

This court has considered this question in various aspects, each case upon its own facts and circumstances, sustaining the process where it was thought that the defendant corporation by its acts had brought itself within the jurisdiction while denying it otherwise. N. Y. Continental Jewell Filtration Co. v. Karr, 31 App. D. C. 459; Toledo Computing Scale Co. v. Miller, 38 App. D. C. 237; Wendell v. Holland-American Line, 40 App. D. C. 1; Cancelmo v. Seaboard Air Line Ry. Co., 56 App. D. C. 225, 12 F.(2d) 166.

And in Ricketts v. Sun Printing & Pub. Ass'n, 27 App. D. C. 222, we stated, but did not decide, the precise question presented here.

In that case process was attempted upon the corporation publishing the New York Sun in New York City, by service upon its Washington correspondent. This correspondent, with from 9 to 14 assistants, not only gathered news for the Sun and sent it to New York, but the corporation sold these news reports to other papers, made direct delivery thereof in the Washington office, and received part payment therefor in the Washington office, where the correspondent applied such receipts in maintenance of the Washington establishment.

In that situation we held the Sun Publishing Company to be doing business in Washington, and that service upon its correspondent in charge of that business here was valid and effectual to bring the corporation into court here.

But we think the mere collection of news material here for use in subsequent publication elsewhere, in the manner and extent shown in this case, is not a doing of business here, within the meaning of the statute.

As the seat of national government, Washington is the source of much news of national importance, which makes it desirable in the public interest that many newspapers should maintain vigilant correspondents here. If the employment of a Washington correspondent, the announcement of his address, and the payment of his office rent, subjects a nonresident newspaper corporation to legal process in Washington for matter appearing in its paper at home, it would bring in nearly every important newspaper in the nation, and many foreign publishing corporations, which in our opinion the present statute does not do.

The conclusion here reached is thought to be controlled by Green v. Chicago, B. & Q. Ry. Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916, and supported by St. Louis Southwestern Ry. Co. v. Alexander, 227 U. S. 218, 227, 33 S. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77; International Harvester Co. v. Kentucky, 234 U. S. 579, 583, 34 S. Ct. 944, 58 L. Ed. 1479; Phila. & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 37 S. Ct. 280, 61 L. Ed. 710.

The order appealed from is affirmed, with costs.

Affirmed.