## WHITAKER v. MACFADDEN PUBLI-CATIONS, Inc.

### No. 7128.

United States Court of Appeals for the District of Columbia.

Decided April 3, 1939.

Norman T. Whitaker, of Washington, D. C., pro se.

Harvey L. Rabbitt, of Washington, D. C., for appellee.

Before GRONER, Chief Justice and STEPHENS and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Appellant sued Macfadden Publications, Inc., in the District Court, for an alleged libel in one of defendant's magazines. Process was served on Arthur Pendergast as defendant's agent. Counsel for defendant appeared specially and moved to quash the service on the ground, among others, that defendant was not doing business in the District of Columbia. The District Court granted the motion, and plaintiff appeals.

The following facts appear without dispute. Defendant is a New York corporation. It sells and ships its magazines to, and collects payment from, the District News Company, of Washington, D. C. The District News Company resells to and collects from retailers and street vendors. Pendergast and four assistants, for remuneration which defendant pays by check from New York, supervise and promote sales of the magazines among the street vendors who buy their stock from the District News Company. Pendergast solicits neither advertising nor subscriptions, and neither collects nor forwards money to defendant. Neither the District News Company nor Pendergast is authorized to make any contracts for defendant. Defendant has no place of business in the District, but the District News Company furnishes Pendergast with an office and telephone on its premises without cost to him or to defendant.

"A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there." Philadelphia & Reading Railway Co. v. McKibbin, 243 U.S. 264, 265, 37 S.Ct. 280, 61 L.Ed. 710. Accordingly, the District Code provides

for service of process on foreign corporations "doing business in the District." Tit. 24, § 373. It is elementary that not all economic activity amounts to "doing business" in this sense. In Green v. Chicago, Burlington & Quincy Railway Co., 205 U. S. 530, 27 S.Ct. 595, 51 L.Ed. 916, a railroad west of Chicago was sued in a United States court in Pennsylvania. The road maintained in Pennsylvania an office, a district freight and passenger agent, and several employees who solicited passenger and freight business. These agents did not sell tickets over defendant's lines, but they sold "prepaid orders" which entitled the holder to receive a ticket in Chicago. The Supreme Court said it was "obvious that the defendant was doing" in Pennsylvania "a considerable business of a certain kind." Yet the Court ruled that "The business shown in this case was in substance nothing more than that of solicitation" (205 U.S. page 533, 27 S.Ct. page 596, 51 L.Ed. 916), and that the defendant was not, in the jurisdictional sense, doing business in the state. If the Burlington was not doing business in Pennsylvania, by stronger reason Macfadden is not doing business here. The local agents of the Burlington solicited persons to enter into transactions with their employer, but the local agents of Macfadden do not; the transactions which Pendergast and his assistants promote are sales by the District News Company to newsboys or by newsboys to the public. The Burlington agents made contracts and received money for their employer, but the Macfadden agents do neither. The present case closely resembles People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas. 1918C, 537. There the American company sold goods to Louisiana jobbers, who sold to retailers. The company sent drummers into the state to solicit orders from retailers, to be turned over to the jobbers. These drummers made no sales, collected no money, and extended no credit. The Supreme Court held that the company was not doing business in Louisiana so as to permit service of process upon it. The Court distinguished International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479, on the ground that there the agents not only solicited business but received payment.

Cases in this court illustrate the same doctrine. Cancelmo v. Seaboard Air Line Railway, 56 App.D.C. 225, 12 F.2d 166, is much like the Burlington case. Cf. Chase Bag Company v. Munson Steamship Line, 54 App.D.C. 169, 295 F. 990. A newspaper which maintains in Washington an office and correspondents for the collection and reporting of news does not do business here,[1] even if its chief correspondent has authority to buy supplies and employ telegraph operators.[2]

Defendant made its motion to quash service "by its attorneys appearing specially for the purpose of this motion and for no other purpose whatever." It did not thereby subject itself to suit. Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 562, 39 L.Ed. 517, was an action of libel brought in New York against a Connecticut corporation which did no business in New York. In a motion filed by the defendant to set aside the summons and service, it was expressed that the defendant appeared by its attorney specially for the purpose of that motion. The Court held that "irregularity in a proceeding by which jurisdiction is to be obtained is in no case waived by a special appearance of the defendant for the purpose of calling the attention of the court to such irregularity."[3]

Affirmed.

[1] Neely v. Philadelphia Inquirer Co., 61 App.D.C. 334, 62 F.2d 873.

[2] Layne v. Tribune Company, 63 App. D.C. 213, 71 F.2d 223.

[3] 156 U.S. 518, 526, 15 S.Ct. 559, 39 L.Ed. 517. Cf. Green v. Chicago, Burlington & Quincy Railway Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; Mitchell Mining Co. v. Emig, 35 App.D.C. 527; Chase Bag Company v. Munson Steamship Line, 54 App.D.C. 169, 295 F. 990; Cancelmo v. Seaboard Air Line Ry., 56 App.D.C. 225, 12 F.2d 166.