## ATLANTIC COAST LINE R. CO. v. GOLDBERG.

### No. 210.

Municipal Court of Appeals for the District of Columbia.

Oct. 31, 1944.

Robert R. Faulkner, of Washington, D.C. (Thomas W. Davis, of Wilmington, N.C., on the brief), for appellant.

Jack Politz, of Washington, D.C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellee, having an unsatisfied judgment against an employee of appellant railroad company, caused a writ of garnishment to be issued, addressed to appellant, and served upon its agent in the District of Columbia. Motion was made to quash service upon the ground that appellant was not amenable to process in the District of Columbia in that it was not doing business therein. This motion was overruled and thereafter judgment was entered against appellant for an amount due by it to the judgment debtor. An application for an appeal was granted by us to review the action of the trial court in overruling the motion to quash.

## Right of Appeal

Appellee claims that the application for appeal was not filed until after the statutory period had expired.[1] He argues that as the only error assigned was the overruling of the motion to quash service, and the sole object of the appeal is to review that action, it should have been seasonably taken thereafter. We hold that the appeal was properly taken from the final judgment. An order overruling a motion to quash service is interlocutory. This was decided in Church v. Church, 50 App.D.C. 239, 270 F. 361, 14 A.L.R. 769. There the court held that such an order was not final and was not appealable as of right, but entertained the appeal under a section of the statute giving to that court the right to grant appeals from interlocutory orders.[2] No such authority is conferred upon us; we are expressly limited to the review of final judgments, except where the possession of property is changed or affected.[3]

## Validity of Service

Appellant is a common carrier, engaged in transportation by railroad of passengers and freight. Its principal office is at Wilmington, North Carolina. The northern terminus of its railroad lines is Richmond, Virginia. By an agreement between appellant and the Richmond, Fredericksburg & Potomac Railroad Company, hereinafter referred to as the Richmond Company, which operates lines of railroad between Richmond and Washington, appellant's cars continue from its own terminal in Richmond into Washington over the latter's tracks. Between these points, while on its lines, they are controlled and operated by the latter company.

Appellant has two offices in Washington. One, at 735 Fifteenth Street, N. W., is maintained in association with the Richmond Company. Here one agent serves in a dual capacity as representative of both companies. His employment by appellant is confined to the solicitation of business. As agent for the Richmond Company he sells transportation over its lines to Richmond, and beyond that point continuing over the lines of appellant. He handles no funds for appellant, all receipts of the office going to the Richmond Company to which he is bonded. Under the contract between the two companies a monthly accounting is made by the Richmond Company of receipts for transportation beyond Richmond. Appellant's portion of the salaries and expenses of the Washington office is paid by its Wilmington office.

Appellant also maintains an office at 5th & T Streets, N. E., for the employment of personnel of its dining car service and for the purchase and supplying of food and other requisites to its dining cars. Between Richmond and Washington appellant's dining car employees perform their usual functions in the preparation and serving of meals, the cars then being under the sole control and operation of the Richmond Company. The entire cost of operating the dining cars and service thereon while on its lines is borne by the latter, "computed upon the car mileage basis." All expenses of this office of dining car service are paid by appellant's general office at Wilmington. While not specifically stated it is clear that the supplies purchased by appellant in Washington are there placed in its cars for use over both lines. The waiters, cooks and other personnel are employed and paid by it, with an adjustment "upon a car mileage basis." The disposition of moneys collected by the dining car stewards is not disclosed.

The Act of Congress providing for service of process on foreign corporations doing business in the District of Columbia, Code 1940, § 13—103,[4] as do like statutes elsewhere, leaves to judicial determination

---

[1] Appeal from the Small Claims and Conciliation Branch of the Municipal Court is by application filed in this court within three days from the date of judgment. Code 1940, § 11—772(a).

[2] Code 1940, 17—101; New York Continental Jewell Filtration Co. v. Karr, 31 App.D.C. 459; Berkeley v. Culley, 42 App.D.C. 140.

[3] Code 1940, § 11—772(a); Brown v. Randle & Garvin, D.C.Mun.App., 32 A. 2d 104.

[4] This section reads:
"In actions against foreign corporations doing business in the District all process may be served on the agent of such corporation or person conducting its business, or, in case he is absent and can not be found, by leaving a copy at the principal place of business in the District, or, if there be no such place of business, by leaving the same at the place of business or residence of such agent in said District, and such service shall be effectual to bring the corporation before the court.

"When a foreign corporation shall transact business in the District, without having any place of business or resident agent .

the interpretation of the expression "doing business." We agree with the conclusion reached by many other courts that no apt definition may be found which is applicable to the varying facts of individual cases.[5] As said by Learned Hand, J., in Hutchinson v. Chase & Gilbert, 2 Cir., 45 F.2d 139, 142:

"It is quite impossible to establish any rule from the decided cases; we must step from tuft to tuft across the morass."

■ It has been the settled law of this jurisdiction that maintenance of an office for the solicitation of business, without more, does not subject a foreign corporation to the process of our courts. Green v. Chicago B. & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; Cancelmo v. Seaboard Air Line Ry., 56 App.D.C. 225, 12 F.2d 166. Appellant's office first described falls strictly within the pattern set by these precedents. The issue here is whether the establishment of a second office for the conduct of its dining car service overbalances a scale which recent opinions indicate is already delicately adjusted.

In Frene v. Louisville Cement Co., 77 U.S.App.D.C. 129, 134 F.2d 511, 515, 146 A.L.R. 926, Mr. Justice Rutledge, now a member of the United States Supreme Court, delivered the majority opinion wherein he distinguished "mere solicitation" from "solicitation plus" and said: "very little more than 'mere solicitation' is required."[6] He did not formulate a rule by which the degree of "plus" may be measured but by way of illustration said that the maintaining of a warehouse or an office would be sufficient. We think the present case comes within the spirit and letter of that decision.

Appellant claims that the operation of dining cars on its trains is merely incidental to the objects of its incorporation. Conceding that this is so it is an incident of such importance that today it may well be regarded as an essential element of transportation. Sleeping car, parlor car and dining car services are not operations separate and unconnected with the transportation of passengers. "On American railroads of importance these services have been well-nigh universal for more than a generation * * *. It would be practically impossible, as it would be obviously unwise, for a railroad like the plaintiff's either to discontinue the services or to increase the charges to cover the cost of the particular service on its line."[7] That appellant's dining cars are physically brought into this jurisdiction; that they are furnished here with their crews, their food and supplies, and that this is accomplished by the maintenance of an office here, is more than a "slight addition" to the solicitation of passengers and freight for transportation.[8] We therefore hold that the service of process was valid and that the judgment was proper.

Affirmed.

---

therein, service upon any officer or agent or employee of such corporation in the District shall be effectual as to suits growing out of contracts entered into or to be performed, in whole or in part, in the District of Columbia or growing out of any tort committed in the said District."

[5] St. Louis S. W. R. Co. of Texas v. Alexander, 227 U.S. 218, 33 S.Ct. 245, 57 L.Ed. 486, Ann.Cas.1915B, 77; Neely v. Philadelphia Inquirer Co., 61 App.D.C. 334, 62 F.2d 873.

[6] A similar view was expressed in Hutchinson v. Chase & Gilbert, supra, where, referring to the rule laid down in the Green case the court said: "It readily yields to slight additions."

[7] Groesbeck v. Duluth, S. S. & A. R. Co., 250 U.S. 607, 40 S.Ct. 38, 41, 63 L.Ed. 1167.

[8] See Brown v. Canadian Pac. R. Co., D. C.W.D.N.Y., 25 F.Supp. 566.