## LICHTENBERG v. BULLIS SCHOOL, Inc.

### No. 848.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 26, 1949.

Decided Oct. 7, 1949.

I. H. Halpern, Washington, D. C., for appellant.

Richard H. Mayfield, Washington, D. C. (John E. Larson and Llewellyn C. Thomas, Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This appeal presents the much disputed and frequently litigated question of when a foreign corporation is "doing business" in the District of Columbia so as to become amenable to service of process here and to the jurisdiction of our courts under Code Sec. 13—103.

The case has been brought here for review by a plaintiff who had sued Bullis School, Inc., on a contract claim. The defendant school filed a motion to quash service of process. After evidence was presented on the motion and briefs filed by counsel, the Municipal Court entered an order quashing the service. We are called on to review that order.

At the hearing on the motion, the assistant principal of the school testified that it is a non-stock corporation organized under the laws of Maryland as a non-profit educational institution,—a school for boys, and that all the educational activities of the school were carried on in Maryland and none in the District. He also testified that the school had advertised in a Washington newspaper as well as in the New York Times and in Cosmopolitan Magazine; that from 30 to 40 per cent of the students came from and lived in the District of Columbia, and that others came from a number of states, including Maryland; that until February 1949 the school maintained a checking account at a Washington bank; that the school purchases food, equipment and supplies from stores in Washington as well as in Maryland, some by personal visits but most by telephoned orders; that William F. Bullis, principal of the school and president of its board of trustees, and his wife, who is treasurer of the school, both live in Washington; that "sometimes" he conferred on school business with Mr. Bullis from the school office in Maryland to Mr. Bullis' home in Washington, by telephone. An affidavit sworn to by plaintiff's counsel recited among other things that the defendant has for many years been listed in the Washington telephone directory, and also in the classified directory under "Schools;" that during the early part of the school year out-of-town students are conducted on a sight-seeing tour of Washington.

We think the Municipal Court was correct in granting defendant's motion to quash. We think it cannot be said that the Bullis School was "doing business" in the District of Columbia within the meaning of

our statute. The record stands uncontradicted that all the educational activities of the school are conducted in Maryland and none in this jurisdiction. That, of course, is the basic question in the case. Nevertheless, certain other aspects of the situation seem to require discussion.

It is true that Mr. Bullis and his wife, officers of the corporation, reside in this jurisdiction. But this circumstance does not establish that the school is "doing business" here. Riverside & Dan River Cotton Mills v. Menefee, 237 U.S. 189, 35 S.Ct. 579, 59 L.Ed. 910; Ambler v. Archer, 1 App.D.C. 94; Conley v. Mathieson Alkali Works, 190 U.S. 406, 23 S.Ct. 728, 47 L.Ed. 1113; Restatement, Conflict of Laws, Sec. 89a.

It is also true that at the time the suit was filed the defendant maintained an account in a bank in this city. But we rule that this fact, standing alone, does not amount to "doing business" here. Honeyman v. Colorado Fuel & Iron Co., C.C.E. D.N.Y., 133 F. 96; Hutchinson v. Chase & Gilbert, 2 Cir., 45 F.2d 139; Cottonwood Coal Co. v. Junod, 73 Mont. 392, 236 P. 1080.

Likewise it is true that defendant school makes purchases of food, equipment and supplies from stores in the District of Columbia, but the decisions are emphatic that by making such purchases a foreign corporation does not bring itself within the jurisdiction of a neighboring state. The Supreme Court has said: "Visits on such business, even if occurring at regular intervals, would not warrant the inference that the corporation was present within the jurisdiction of the state." Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 171, 67 L.Ed. 372. To the same effect is Hutchinson v. Chase & Gilbert, 2 Cir., 45 F.2d 139.

Of even less help to plaintiff is the fact that the school advertises in a local newspaper and is listed in the local telephone directory. Philadelphia & Reading Railway Co., v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S. Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537;

Neely v. Philadelphia Inquirer Co., 61 App. D.C. 334, 62 F.2d 873; Mueller Brass Co. v. Alexander Milburn Co., 80 U.S.App.D.C. 274, 152 F.2d 142; Hutchinson v. Chase & Gilbert, 2 Cir., 45 F.2d 139; De Santa v. Nehi Corp., D.C.N.D.N.Y., 81 F.Supp. 637.

We also rule that the defendant school cannot be held to be "doing business" here, merely because the president, from his home in Washington, "sometimes" discusses school business by telephone with the assistant principal at the school in Maryland. See Fehlhaber Pile Co., Inc. v. T. V. A., 81 U.S.App.D.C. 124, 155 F.2d 864; Hutchinson v. Chase & Gilbert, 2 Cir., 45 F.2d 139.

Looking at all the circumstances of the case and considering them separately or together, we are satisfied that they do not spell out a case of "doing business" as contemplated by our statute. We do not attempt to lay down a rule to cover all situations for we realize that, "A basic concept of sufficient precision to yield certain results in all cases of this sort has not yet been formulated." Mueller Brass Co. v. Alexander Milburn Co., 80 U.S.App.D.C. 274, 152 F.2d 142, 145. But we are clear in our view that under the facts of this case it would be unrealistic to hold that this defendant ever brought its corporate presence into our jurisdiction or ever became liable to suit in our courts. In addition to the cases we have cited others lend solid support to our conclusions. Green v. Chicago, B. & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; Cancelmo v. Seaboard Air Line Ry., 56 App.D.C. 225, 12 F.2d 166; Layne v. Tribune Co., 63 App.D.C. 213, 71 F.2d 223; Whitaker v. Macfadden Publications, Inc., 70 App.D.C. 165, 105 F.2d 44; Frene v. Louisville Cement Co., 77 U.S. App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926; Sasnett v. Iowa State Traveling Men's Ass'n, 8 Cir., 90 F.2d 514.

Appellant cites only one case, Atlantic Coast Line R. Co. v. Goldberg, D.C.Mun. App., 39 A.2d 563. There it was shown that in addition to a ticket office, the railway company maintained a completely separate office for the employment of personnel for its dining car service and for the purchase and supplying of food and other items

for its dining cars; that its cars were brought into the District, furnished here with crews, food and supplies; and that it prepared and served meals between Washington and Richmond. We held that all this amounted to more than a "slight addition" to the solicitation of passengers and freight for transportation, and that the railway company was in fact "doing business" in the District. It requires no elaborate discussion or labored comparison to demonstrate that our decision in that case is inapplicable here because of the great difference in the facts.

Affirmed.