**STATE OF MARYLAND, for Use of CHRYS-LER v. EASTERN AIR LINES, Inc., et al.**

**Civ. A. No. 2148.**

United States District Court
District of Columbia.

Dec. 7, 1948.

346

Charles S. Rhyne, Eugene J. Bradley and Pogue & Neal, all of Washington, D. C., for plaintiff.

Richard W. Galiher and William E. Stewart, Jr., both of Washington, D. C., for defendant Douglas Aircraft Co., Inc.

McKenney, Flannery & Craighill and Murray Proctor, all of Washington, D. C., for defendant Eastern Air Lines, Inc.

MORRIS, District Judge.

This is an action for damages resulting from the alleged wrongful death of Gurney Chrysler, brought by the State of Maryland, where the death occurred, for the use of deceased's son, in accordance with the Maryland statute.[1] Eastern Air Lines, Inc., has moved to dismiss the complaint on the ground that the plaintiff is not the personal representative of the deceased, as required by the statute providing for the recovery for wrongful death in the District of Columbia.[2] The defendant Douglas Aircraft Company, Inc., has moved to quash service of summons on the ground that it is not a corporation doing business in the District of Columbia.

An action to recover for the wrongful death of a person is statutory and depends upon the statute of the jurisdiction in which the cause of action arose. It is, of course, competent for another jurisdiction to refuse to permit an action of that kind to be brought in its courts, but, where the jurisdiction of the forum recognizes the right to recover for the wrongful death of a person, certainly it is not contrary to the policy of that jurisdiction that such an action arising under the statute of another jurisdiction be maintained. Stewart v. Baltimore & Ohio Railroad Co., 168 U.S. 445, 18 S.Ct. 105, 42 L.Ed. 537. Under the statute here involved, the State of Maryland is the party authorized to bring and maintain the action, although it is true that the State of Maryland is only a nominal party, and brings the action for the use of the real party. The weight of authority is to the effect that the statute of the place where the death occurred governs as to the proper party plaintiff. 2 Wharton, Conflict of Laws (3d Ed.) Sec. 480e, 2 Beale, The Conflict of Laws, Sec. 395.1; see also annotation 77 A.L.R. 1311 et seq. This motion to dismiss the complaint will be denied.

The Douglas Aircraft Company, Inc., maintains an office in the District of Columbia, in charge of an Assistant Secretary of the Company. This office is listed in the telephone directory and is carried in the advertising section under the heading of "Airplanes." Upon its application, the Company received a license to do business in the District of Columbia. The District of Columbia being the seat of the Government, it can well be that many corporations have representatives in the City of Washington solely for the purposes of transacting business with the Government, and this would not constitute the doing of business within the District of Columbia within the meaning of the statute here involved.[3] However, when a corporation maintains an office and otherwise, as here, holds itself out to the public generally as being present in the District of Columbia for the purpose of doing business, it surely cannot be said that it does not submit itself to the jurisdiction of the processes of the courts in the District of Columbia. I am of the view that the correct criterion by which it should be determined whether or not a corporation has submitted itself to the jurisdiction of the courts in the District of Columbia within the meaning of the statute here considered is whether or not, without anything which would put a reasonable person upon notice to the contrary, it meets with the public and acts so as to lead a reasonable person to believe that it is doing business in this community and has subjected itself

---

[1] Annotated Code of Maryland, 1939 Ed., Art. 67.

[2] D.C.Code 1940 Ed. § 16—1202.

[3] D.C.Code 1940 Ed. § 13—103.

to the authority of the courts of this jurisdiction in so doing. Whether measured by this standard, or the somewhat confusing categories of activities that have been dealt with heretofore, denominated "solicitation plus," I am of the view that the defendant Douglas Aircraft Company, Inc., is subject to service in this jurisdiction, and the motion to quash should be denied.