Louis WEISBLATT, t/a King's Credit Department Store, Appellant,

v.

UNITED AIRCRAFT CORPORATION, Garnishee of Henry W. Peeples, Appellee.

No. 2004.

Municipal Court of Appeals for the District of Columbia.

Argued July 8, 1957.

Decided Sept. 27, 1957.

Jack Politz, Washington, D. C., for appellant.

Paul M. Rhodes, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant, having secured a judgment against one Henry W. Peeples, an employee of appellee corporation, issued a writ of attachment on the judgment for the purpose of seizing credits of Peeples in the hands of the corporation, serving the writ on an employee in its office maintained in the District. Counsel for the corporation filed a written motion to quash the attachment, principally on the ground that his client was not "doing business" in this District within the meaning of Code 1951, § 13–103, and accordingly was not amenable to legal process here. At the hearing on the motion the corporation rested its entire case on an affidavit of Erwin L. Baldwin, one of its assistant secretaries, indicating that it was not engaged in business here. Appellant's only witness testified to conversations had with certain persons in the Washington office of the corporation, which he claimed proved the contrary. The court granted the motion to quash the attachment and this appeal followed.

■ Appellant first contends that the court erred in accepting and considering the Baldwin affidavit at the hearing on the motion. It had the right to do so in accordance with Civil Rule 43(d).[1] This being so, it is not correct to say that the court erred in disregarding "the uncontradicted testimony" of appellant's only witness. The court had the right to give such weight to the affidavit as it saw fit. Indeed, it is not difficult to understand why the court, in this instance, would give greater weight to it than to the testimony of the witness, as the latter did not even attempt to contradict the material allegations of the affidavit.

■ The main contention of the appellant is that the court erred in holding that the corporation was not transacting business in this District. To evaluate this contention properly, it is necessary to consider the pertinent parts of the affidavit. It may be summarized as follows. Affiant is an assistant secretary of the corporation; it is incorporated under the laws of Delaware and its principal place of business and its headquarters are, and always have been, in East Hartford, Connecticut; its business is the manufacture and sale of aircraft, aircraft parts, and other aeronautical products; it is licensed to do business in the States of Connecticut, California, and Florida; it is not licensed to do business in the District of Columbia. Meetings of its stockholders and directors are, and always have been, regularly held in Connecticut; all of its general books and corporate records are kept in that State; it maintains no office or telephone directory listing in this District, nor does it operate manufacturing plants, warehouses, sales or administrative offices here. Approximately 85 per cent of its current business is with the United States Government for products delivered and used outside the District; the rest of its products are sold principally to firms located outside this city; if orders should be placed by firms located in the District, such orders would be handled in Connecticut and would not be accepted by nor be within the authority of affiant or anyone in the office maintained here.

Affiant is employed primarily to maintain liaison with the departments and agencies of the Federal Government in connection with contracts relating to the corporation's Pratt & Whitney Aircraft Division. Affiant's duties are concerned with gathering information relevant to military and naval requirements for its Pratt & Whitney products by maintaining contact with Government agencies and arranging meetings between the corporate officials and the appropriate Government agencies. Affiant has no authority to make, and has never made, any commitments as an agent of the appel-

1. "When a motion is based on facts not appearing of record *the court may hear the matter on affidavit presented by the respective parties*, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions." (Emphasis supplied.)

lee corporation. An office is maintained by him in this city solely for his own convenience in performing his assigned duties and to provide office facilities for corporate representatives who are here to contact various Government agencies; neither affiant nor the two employees assigned to him by the corporation solicit business from anyone in this District other than agencies of the Government; none of them have authority to accept, and have never accepted, orders for the corporation's products, but all such orders are forwarded to and accepted by the corporate office in Connecticut. As we read the summary of the testimony of appellant's only witness as set forth in the statement of proceedings and evidence, we see no contradiction between it and the allegations of the affidavit.

In view of the evidence before the court, and in consonance with the decisions in this jurisdiction,[2] it was amply justified in holding that the corporation was not "doing business" in this District, and accordingly its order quashing the attachment was proper.

Affirmed.

2. Mueller Brass Co. v. Alexander Milburn Co., 80 U.S.App.D.C. 274, 152 F.2d 142. See also Fehlhaber Pile Co. v. Tennessee Valley Authority, 81 U.S.App.D.C. 124, 155 F.2d 864; Whitaker v. MacFadden Publications, 70 App.D.C. 165, 105 F.2d 44; Lichtenberg v. Bullis School, Inc., D.C.Mun.App., 68 A.2d 586.