**FIAT MOTOR COMPANY, Inc.,**
Appellant,

v.

**ALABAMA IMPORTED CARS, INC.,**
Appellee.

No. 15606.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 12, 1960.

Decided May 25, 1961.

746

Mr. Edward Garfield, of the bar of the Court of Appeals of New York, New York City, pro hac vice, by special leave of court, with whom Mr. Malcolm S. Langford, Washington, D. C., was on the brief, for appellant.

Mr. John F. Mahoney, Jr., Washington, D. C., with whom Messrs. Charles E. Pledger, Jr., and Justin L. Edgerton, Washington, D. C., were on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and BAZELON and BURGER, Circuit Judges.

**BURGER, Circuit Judge.**

Appellant (Fiat) is a New York corporation with its principal place of business in New York City. It imports Fiat automobiles and sells them to wholesale distributors, among which is the Roosevelt Automobile Company (Roosevelt), a Delaware corporation with its principal place of business in the District of Columbia. The appellee, Alabama Imported Cars, Inc. (Alabama) is an Alabama corporation and a dealer under a sales agreement. Appellee instituted this suit under the Automobile Dealers' Franchise Act, 15 U.S.C.A. §§ 1221–1225, against Fiat and Roosevelt as co-defendants and purported to accomplish service on Fiat by service upon the president of Roosevelt in the District. Fiat's motion to quash service was denied and this appeal from the interlocutory order was certified under 28 U.S.C. § 1292(b) (1958)..

The lengthy "Distributor Sales Agreement" to which Fiat and Roosevelt are parties provides that Roosevelt is an authorized distributor of Fiat motor vehicles, parts and equipment for the District of Columbia and nine southeastern states.[1] Roosevelt is obligated under the agreement to promote the sales of Fiat products vigorously and aggressively, to use advertising materials [2] provided by Fiat, to establish and equip "to the satisfaction of Fiat" places of business in the District of Columbia and Florida, to maintain those locations in good condition, and to change such locations only with the prior consent of Fiat. The contract also requires Roosevelt to keep and furnish to Fiat upon request, such records and reports as Fiat shall require, to maintain certain stated working capital and net worth, to employ personnel in certain stated capacities and to insure their attendance at Fiat training schools. Particularly significant in view of the issue in this litigation is Fiat's express

1. Although the contract does not in terms grant Roosevelt the exclusive right to distribute Fiat products in this area, it appears that in practice Roosevelt is the sole distributor covering the area.

2. We note that the record shows that Roosevelt is listed under "Fiat" in the telephone book. Cf. State of Maryland, for Use of Chrysler v. Eastern Air Lines, Inc., D.C.D.C.1948, 81 F.Supp. 345.

power over Roosevelt's designation of local Fiat dealers in the area.

■ These and other provisions of the agreement manifest a continuing business relationship involving the supervision and control by Fiat of numerous details of the Roosevelt business. The theory of appellee's complaint is that Roosevelt and Fiat, through their control over dealerships, did not afford appellee's franchise the good faith treatment required by the Dealers' Act under which suit is brought. Thus, the cause of action upon which the suit is based arises from the relationship between Fiat and Roosevelt and provisions of their agreement. In our view this relationship subjects Fiat to service in the District whether that issue is considered to be governed by federal or local standards.[3]

Assuming that in the absence of controlling federal statute [4] the matter is governed by the standards of "fair play and substantial justice,"[5] Lone Star Package Car Co. v. Baltimore & O. R. Co., 5 Cir., 1954, 212 F.2d 147, the contacts of Fiat with the District are of such substantial, continuing, and directory nature as to warrant the holding that it is doing business here in a manner which makes it subject to service of process in this jurisdiction. McGee v. International Life Ins. Co., 1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; Florio v. Powder Power Tool Corp., 3 Cir., 1957, 248 F.2d 367; cf. Scholnik v. National Airlines, Inc., 6 Cir., 1955, 219 F.2d 115. On the other hand, if local law governs, Fiat is subject to service in the District under our decision in Carroll Electric Co. v. Freed-Eisemann Radio Corp., 1931, 60 App.D.C. 228, 50 F.2d 993. See also Frene v. Louisville Cement Co., 1943, 77 U.S.App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926.

■ Appellant contends that even if it is subject to service in the District, service was not effected in a proper manner under the Rules. We agree with appellant that the president of Roosevelt was not "an officer, a managing or general agent" as described in Rule 4(d) (3), Fed.R.Civ.P., 28 U.S.C.A., upon whom service could be made. But Rule 4 (d) (7) allows service in the manner prescribed by local law.[6] D.C.Code § 13–103 (1951) provides that "in actions against foreign corporations doing business in the District all process may be served on the agent of such corporation or person conducting its business."[7] The latter phrase is broad enough to include the president of Roosevelt, for the import of the provision is that service must be made upon one who "occupies such a responsible representative status as to make it reasonably certain that he will turn over the process" to those called upon to answer. Acme Engineers, Inc. v. Foster Engineering Co., 5 Cir., 1958, 254 F.2d 259, 263.

Since the District Court had power to subject Fiat to service in the District and the service was made in an authorized manner, the court correctly denied the motion to quash service.

Affirmed.

---

3. Compare the majority and dissenting opinions in Jaftex Corp. v. Randolph Mills, Inc., 2 Cir., 1960, 282 F.2d 508.

4. Cf. Fourco Glass Co. v. Transmira Prods. Corp., 1957, 353 U.S. 222, 77 S. Ct. 787, 1 L.Ed.2d 786.

5. International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 320, 66 S. Ct. 154, 160, 90 L.Ed. 95.

6. See Rule 81(e), Fed.R.Civ.P.

7. Since appellant has a continuing contact with the District, it is subject to service under the first paragraph of D.C. Code § 13–103 (1951), and we need not consider questions raised with respect to the limitations which the second paragraph of that section imposes upon service upon corporations whose contact with the District is "casual and irregular." See Goldberg v. Southern Builders, Inc., 1950, 87 U.S.App.D.C. 191, 184 F.2d 345, 346.