Ralph H. TRAHER et al., Appellants,

v.

DE HAVILLAND AIRCRAFT OF CANADA, LTD., Appellee.

No. 16098.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 28, 1961.

Decided June 29, 1961.

Petition for Rehearing En Banc Denied Aug. 23, 1961.

**230**

Mr. I. Irwin, Bolotin, Washington, D. C., with whom Mr. Philip J. Lesser, Washington, D. C., was on the brief, for appellants.

Mr. Frank F. Roberson, Washington, D. C., with whom Mr. David N. Webster, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

Appellants, residents of Minnesota, filed a complaint in the United States District Court for the District of Columbia seeking to recover for injuries sustained in an airplane crash in Montana, allegedly caused by the negligence of appellee, a Canadian corporation. Service of process was sought to be made by serving the appellee's sole employee in the District of Columbia. Appellee's moved to quash service of process upon it on the ground that it was not "doing business in the District" within the meaning of D.C.Code, § 13–103. Appellee's motion was granted, and this appeal followed.

Appellee's affidavits disclose that appellee is a designer, manufacturer, and overhauler of aircraft with main plant and offices in Canada; that it maintains a single employee in the District of Columbia, who serves as a liaison or contact man with the United States Government and particularly with the armed forces; that this employee's principal duties are to transmit to appellee information about the United States Government's requirements and to keep in contact with Government agencies; that he does not solicit orders from anyone in the District other than the Government; and that he is without authority to accept orders from any source, governmental or otherwise, or to execute contracts on behalf of appellee. All contracts are entered into at appellee's offices in Canada, and deliveries of aircraft are made in that country. The present suit has no connection with the District of Columbia or appellee's activities here, such as they are. We conclude that under these circumstances the attempted service of process was properly quashed. See Mueller Brass Co. v. Alexander Milburn Co., 80 U.S.App.D.C. 274, 152 F.2d 142 (1945); cf. Frene v. Louisville Cement Co., 77 U.S. App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926 (1943).

Our recent decision in Fiat Motor Co. v. Alabama Imported Cars, 110 U.S.App. D.C. 252, 292 F.2d 745 (1961), is not to the contrary. That was a suit instituted under the Automobile Dealers Franchise Act, 15 U.S.C.A. §§ 1221–1225, affecting business relationships and transactions

between private parties within the District of Columbia. In Mueller Brass the governmental contacts of the defendant were held insufficient to provide a basis for service in a suit brought by a plaintiff not involved in those contacts. The same is true in the instant case, which is strikingly similar in its facts.

Affirmed.