Clifford **RAYMOND**, Iron River, Michigan, Plaintiff,

v.

**ANTHONY COMPANY**, Streator, Illinois, Defendant.

Civ. A. No. 183–64.

United States District Court
District of Columbia.

Sept. 14, 1964.

Carretta & Counihan, John T. McMahon, Washington, D. C., for plaintiff.

Robert E. O'Malley, Washington, D. C., for defendant.

WALSH, District Judge.

This matter comes before the Court on a "Motion to Quash Service of Process and to Dismiss the Complaint" filed on March 17, 1964 on behalf of defendant.

The plaintiff is a resident of Michigan and asserts certain patents which are in his name. The original complaint sued on the patents, but was subsequently amended and now concerns only the alleged violations of license agreements for the right to manufacture and sell the subject matter of the patents.

The defendant is incorporated under the laws of Illinois, with its principal place of business in Streator, Illinois. Defendant maintains an office within the District of Columbia at 815 Fifteenth Street, N. W. According to the defendant its Washington office is maintained for the purpose of transacting a substantial amount of business with the Federal Government. Defendant further maintains liaison with the Government so that various problems and difficulties which arise in a contractural relationship can be disposed of with a minimum of inconvenience. The facts further disclose that defendant has only one full-time employee in the District of Columbia.

The motion alleges defendant is not "doing business" within the terms of Section 13–334(a) of the District of Columbia Code. Defendant relies on Mueller Brass Co. v. Alexander Milburn Co., 80 U.S.App.D.C. 274, 152 F.2d 142 (1945) and on Traher v. De Havilland Aircraft of Canada, Ltd., 111 U.S.App. D.C. 33, 294 F.2d 229 (1961), cert. denied 368 U.S. 954, 82 S.Ct. 397, 7 L.Ed.2d 387 (1962).

The plaintiff asserts that defendant is doing business within the District of Columbia; that in addition to maintaining an office, the defendant does an annual business of $1,500,000 with the Gov-

306

ernment; and that the contract between defendant and the Marine Corps, out of which this action derives, was in the amount of $3,435,816.46. Plaintiff further asserts that Mr. Bowie, defendant's Washington representative, holds himself out as assistant to the president of the Anthony Company.

As far as this court is concerned, the primary issues are: what are the duties of the defendant's agent in the District of Columbia; and whether these duties constitute "doing business" under Section 13–334(a) of the D.C.Code.

In an affidavit Mr. Carl W. Bowie, the local employee of defendant, states that he endeavors to keep the company informed as to the Government's present and potential use requirements for Anthony's products; that he "services" the company's current contracts with the Government, that is, in solving various problems which arise. Mr. Bowie then states as follows:

" * * * I also 'solicit' business with the Federal Government on behalf of Anthony in the sense that I use whatever opportunity presents itself to inform the Government of Anthony's special abilities and reputation in those areas where I believe the Government needs a supplier. However, I am not authorized on my own authority to submit bids for Government contracts and I am not equipped by training or experience to do so. * * * "

It is the opinion of this Court that the defendant herein is doing business in the District of Columbia under the standard of solicitation plus maintaining regular business activities as established in Frene et al. v. Louisville Cement Co., 77 U.S.App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926 (1943).

In that case, service of process was quashed by the District Court. The complaint was based on defendant's alleged false representations in inducing plaintiff to use their patented cement product. The Court of Appeals reversed,

holding that defendant was "doing business" in the District.

The facts in Louisville Cement indicate that the defendant did not maintain an office in the District of Columbia; that it did retain a full time agent who resided and worked out of his home in Chevy Chase, Maryland. The agent had authority to solicit orders for defendant's products, but he had no authority to conclude contracts or to make binding sales. Orders were forwarded to the main office in Louisville, Kentucky, where they were either rejected or accepted. The agent would frequently visit jobs on which the products were being used and assist in any difficulties which arose.

These activities are remarkably similar to the functions of the defendant's agent in the instant case.

In Louisville Cement Co., D.C. Cir., 134 F.2d 511, at 515, the Court held:

" * * * It is now recognized that maintaining many kinds of regular business activity constitutes 'doing business' in the jurisdictional sense, notwithstanding they do not involve concluding contracts. In other words, the fundamental principle underlying the 'doing business' concept seems to be the maintenance within the jurisdiction of a regular, continuous course of business activities, whether or not this includes the final stage of contracting. * * * "

The Louisville Cement case was recently criticized in Collins v. New York Central System, 327 F.2d 880, 882 (D.C. Cir. 1963), in which the court pointed out that the case relied on "solicitation plus maintaining an office" and then noted that this is "difficult to reconcile with the later holding in Mueller Brass Co. case."

This court has no such difficulty in reconciling the present case with Mueller Brass Co. v. Alexander Milburn Co., 80 U.S.App.D.C. 274, 152 F.2d 142 (1945). The agent for Mueller, one Sutter, solicited only a small number of or-

ders for the company. Sutter was primarily a "contact" man for the principal, with primary duties relating to allocations and directives for strategic materials used by the company. Less than 5 per cent of his time was spent in connection with the sale of products. He did not do any "service" work in connection with those sales.

In the present case, Mr. Bowie is concerned with substantial sales to the Federal Government. He follows up sales and attempts to dispose of problems or difficulties which arise out of the sale or use of Anthony's products. His affidavit states that he "services" the company's current contracts. The fact that his duties do not include that of entering into contracts is not inconsistent with Louisville Cement.

█ It is the opinion of this Court that the Anthony Company meets the standards of doing business and the service of process is proper.

█ Defendant has also submitted an alternative motion asking this Court to transfer the case to the United States District Court for the Northern District of Illinois, Eastern Division. Defendant bases this motion on 28 U.S.C. § 1406, which provides that if venue is improper, the court shall "in the interest of justice, transfer such case to any district * * in which it could have been brought." The defendant alleges that venue is improper under 28 U.S.C. § 1400, which controls patent infringement suits. However, the plaintiff has dismissed his claim for patent infringement and the above statute no longer controls.

Also, the defendant has failed to establish that the case should be transferred under the doctrine of *forum non conveniens*. The plaintiff has elected to sue in this district, he makes certain allegations relating to the contract with the U. S. Marine Corps and certain necessary witnesses who reside in the District.

Therefore, in accordance with the foregoing, it is this 14th day of September, 1964,

Ordered, that defendant's motion to quash service of process and to dismiss the complaint be, and the same hereby is denied; and

It is further ordered, that defendant's motion to transfer this case to the Northern District of Illinois, Eastern Division, be, and the same hereby is, denied.