Subchapter XVI is the title of the Social Security Act which establishes the federal SSI program, 42 U.S.C. § 1381 et seq.

It is this Court's opinion that the aforecited language of § 1396a(f) permits the State of Missouri to exclude individuals from medical assistance coverage unless the State of Missouri would have been required to provide medical assistance to such persons under Missouri's medical assistance plan in effect on January 1, 1972. It is clear that under Missouri's January 1, 1972,

approved medical assistance plan, the defendants were required to provide medical assistance to all recipients of OAA, AB, PTD, ADC and General Relief. The medical assistance coverage of individuals who are receiving General Relief is required by § 208.151 R.S.Mo., 1969, the Missouri medical assistance statute in effect on January 1, 1972. Such a construction of the applicable federal statutes has been upheld by the United States District Court for the Northern District of Mississippi in *West v. Cole*, 390 F.Supp. 91 (D.C.1975).

Thus, it becomes clear that using the normal rules of statutory construction that plaintiff and the members of the class which she represents are entitled to the injunctive and declaratory relief which they seek. In consequence,

It is hereby ordered that plaintiff's prayer for declaratory and injunctive relief be and is granted; and

It is further ordered that plaintiff's counsel shall prepare the appropriate orders to implement the relief prayed for; and

It is further ordered that defendant shall pay costs.

**SIAM KRAFT PAPER CO., LTD.,**
**Plaintiff,**

v.

**PARSONS & WHITTEMORE, INC.,**
**et al., Defendants.**

**Civ. A. No. 1716–73.**

United States District Court,
District of Columbia,
Civil Division.

Sept. 25, 1975.

Mattaniah Eytan, James W. Schroeder, Charles W. Kirkwood, Murray J. Belman, Washington, D. C., for plaintiff.

Evan R. Berlack, Burton A. Schwalb, John W. Douglas, G. R. Poehner, Washington, D. C., for defendants.

## AMENDED MEMORANDUM AND ORDER

JOHN H. PRATT, District Judge.

This cause comes before the Court at this time on defendant Parsons & Whittemore, Inc.'s motion to quash service of process and to dismiss for lack of personal jurisdiction. Defendant Parsons & Whittemore, Inc. is a New York-based corporation whose business primarily involves the construction and operation of pulp mills and paper mills in foreign countries. To facilitate such foreign investment projects, the Federal Government, through agencies such as the Export-Import Bank and the Agency for International Development (A.I.D.), issues grants to support feasibility studies, makes loans to foreign borrowers and guarantees domestic loans and equity investments.

In the course of developing a pulp and paper mill to be based in Thailand, the subject of this law suit, defendant Parsons & Whittemore received a grant from A.I.D. to cover one-half of its costs in undertaking the feasibility study, sought and secured certain investment guarantees from A.I.D. in connection with its own equity investment and loans from private lenders, and negotiated a loan from the Export-Import Bank to the plaintiff, Siam Kraft Paper Company, Ltd.

In opposing defendant's motion the plaintiff argues that these and similar "contacts" with the Federal Government in the District of Columbia constitute "doing business" within the meaning of both D.C.Code § 13–423(a)(1) ("long arm" statute) or D.C.Code § 29–933i(c) (service of process on foreign corporation). Recognizing the general rule in this jurisdiction that government contacts do not as such satisfy the "doing business" criterion of the local jurisdiction statutes, *Traher v. De-Havilland Aircraft,* 111 U.S.App.D.C. 33,

294 F.2d 229 (1961); *Mueller Brass Company v. Alexander Milburn Co.*, 80 U.S.App.D.C. 274, 152 F.2d 142 (1943); *Weisblatt v. United Aircraft Corp.*, 134 A.2d 713 (D.C.Mun.App.1957), the plaintiff attempts to distinguish the instant case as involving "commercial" contacts with the Government, relying on *Raymond v. Anthony*, 233 F.Supp. 305 (D.D.C.1964). The *Raymond* case involved an Illinois corporate defendant which regularly sold its products to the Government and maintained an office in the District of Columbia to solicit and service its contracts of sale. In this context, the Court found personal jurisdiction over the corporate defendant noting that,

> "the defendant herein is doing business in the District of Columbia under the standard of solicitation plus maintaining regular business activities as established in *Frene, et al. v. Louisville Cement Co.*, 77 U.S.App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926 (1943)." (233 F.Supp. at 306)

The Court in effect treated the question of jurisdiction over the corporate defendant in the same way as it would have been treated if the defendant's District of Columbia customer was a *private* company rather than the Federal Government. In other words, the Court's rationale was that "doing business" is tested by the same criteria whether the foreign corporation's local customers are private or governmental. This is especially clear from the Court's reliance on the *Frene* case, *supra*.

The defendant in this case, however, has not engaged in sales to the Government but rather has merely taken advantage of the services, offered to prospective foreign investors, by various agencies of the Government. We find that such activities are well within the traditional "government contacts" principle which denies personal jurisdiction over non-residents whose only contact with this jurisdiction involves uniquely governmental activities. In summary, the purpose of the "long arm" statute in any jurisdiction, as in the District of Columbia here, is to protect local citizens and enterprises by securing jurisdiction to the local courts of all controversies arising out of activities in the particular area. To read a District of Columbia "long arm" statute as authorizing jurisdiction in the United States courts for the District of Columbia, for all instances in which contacts occurred between the government agencies placed in the nation's capital and citizens from the fifty states, would be to convert the U. S. District Court here into a national forum. This result would make the D.C. "long arm" statute unique in interpretation and effect, and would not serve the legitimate purpose of the statute. Secondly, even if the principle of uniquely government activities be ignored and the issue be considered on an equivalent private commercial basis, we do not think that the entry into any jurisdiction for the purpose of securing a loan or an insurance guaranty, with accompanying negotiations among the parties, would or should confer jurisdiction on the local courts under the D.C. or similar "long arm" statute. It is significant that plaintiff has cited no parallel commercial cases dealing with loans or insurance guaranties in which actions have been brought under the "long arm" statute. We hold, therefore, that personal jurisdiction over defendant Parsons & Whittemore is lacking in this Court.

Wherefore, it is this 31st day of July, 1974,

Ordered, that the motion of defendant Parsons & Whittemore, Inc. to quash service of process and to dismiss for lack of personal jurisdiction be, and the same hereby is, granted.