**Robert Eugene LAMB, individually, James Morris Lefton, individually, Robert C. Lee, individually, and William Gordon Bailey, individually, Plaintiffs,**

v.

**TURBINE DESIGNS, INC., Defendant.**

**No. CivA 1:99–CV–24–WBH.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 11, 1999.

**1363**

Donald Ross Andersen, Smith, Howard & Ajax, Atlanta, GA, for plaintiffs.

Henry M. Quillian, Martin A. Pedata & Henry D. Fellows, Fellows, Johnson & La Briola, Atlanta, GA, for defendant.

## ORDER

HUNT, District Judge.

Plaintiffs claim that defendant Turbine Designs, Inc. ("Turbine") misappropriated their design for a proprietary modification technique to be used to upgrade older Beechcraft King Air Aircraft and seek a preliminary and permanent injunction requiring Turbine to return all confidential information and preventing it from using that information. Plaintiffs' complaint is grounded solely in the state law claims of violation of the Florida Uniform Trade Secrets Act, violation of the Georgia Trade Secrets Act, theft of trade secrets, misappropriation of proprietary information, conversion, trespass to chattels, unfair competition, and tortious interference with contractual rights. Before the Court is defendant's motion to dismiss [14]. Turbine raises seven grounds for dismissal: lack of standing, lack of personal jurisdiction, failure to join indispensable parties, mootness, failure to state a claim upon which relief may be granted, failure to name the real parties in interest, and forum non conveniens. For the reasons below, the Court finds that this action must be dismissed because it lacks personal jurisdiction over the defendant.[1]

*Personal Jurisdiction*

A plaintiff has the burden of proving that jurisdiction is proper. *Morris*

---

1. Because the Court finds that it lacks jurisdiction, it declines to address any other possible grounds for dismissal.

*v. SSE, Inc.*, 843 F.2d 489 (11th Cir.1988). A court resolves conflicts of facts in a plaintiff's favor when determining whether the plaintiff has met its burden of establishing a prima facie case for jurisdiction. *Id.; Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 846 (11th Cir.1988), *cert. denied*, 494 U.S. 1081, 110 S.Ct. 1813, 108 L.Ed.2d 943 (1990). Personal jurisdiction exists only if both statutory and constitutional concerns are satisfied. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir.1996); *Allegiant Physicians Services, Inc. v. Sturdy Memorial Hosp.*, 926 F.Supp. 1106, 1113 (N.D.Ga.1996). Here, plaintiffs contend that jurisdiction exists under a subsection of the State of Georgia's Long Arm Statute, which confers jurisdiction over a defendant who "[c]ommits a tortious act or omission within this state." O.C.G.A. § 9–10–91(2). Plaintiffs argue that defendant committed a tort in Georgia when, in pursuing a Supplemental Type Certificate ("STC") from the Federal Aviation Administration ("FAA"), it's employees meet with FAA officials in Atlanta and submitted the allegedly misappropriated documents to the agency. Plaintiffs argue that jurisdiction is also proper because the aircraft upon which Turbine is making modifications is jointly owned by companies either incorporated in Georgia or having their principal place of business within the state. In support of its argument that Turbine's STC application constituted the commission of a tort within the state, plaintiffs cite *Thorington v. Cash*, 494 F.2d 582 (5th Cir.1974). However, that case is distinguishable from the one at bar. In *Thorington*, a non-resident of Georgia committed a tort within the state when he sent fraudulent material to the plaintiff, a Georgia representative. *Id.* at 585. The court held that because the plaintiff reasonably relied upon the material misrepresenta-

tions and was economically injured as a result of that reliance, the injury—and hence the tort—occurred within the state. *Id.* Here, in contrast, the alleged tort occurred not during the FAA application process, but, rather, when plaintiffs' trade secrets were allegedly purloined. *Cf. Shearson Lehman Bros. v. Hughes, Hubbard, & Reed*, 902 S.W.2d 60 (Tex.App. 1995) (where plaintiff sued for malpractice relating to oversale of its securities, the court reasoned that although defendant had contact with forum state during the registration of the securities, because the tort was based on overselling the security and not on misconduct in registering the securities, personal jurisdiction was lacking). Moreover, unlike in *Thorington* where the injury was suffered by a Georgia resident, here, the alleged injury affects only out-of-state residents. As for the fact that the airplane to which the modifications are to be made is owned by Georgia residents, the Court finds that this fact standing alone is insufficient to confer jurisdiction over the defendant. The property at issue in this case is plaintiffs' modification designs, not the aircraft potentially subject to those modifications. Absent evidence that the defendant came into the state and implemented plaintiffs' design, the Court cannot conclude that the injury or the tort occurred within Georgia.

 Because the injury or tort did not occur within Georgia, constitutionally adequate due process is lacking.[2] Due process is satisfied when the nonresident defendant establishes minimum contacts with the forum state and the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567,

---

**2.** Georgia's Long Arm Statute is construed to confer *in personam* jurisdiction to the fullest extent permissible by the due process clause of the United States Constitution. *Francosteel*

*Corp. v. M/V Charm*, 19 F.3d 624, 627 (11th Cir.1994); *First United Bank of Mississippi v. First National Bank of Atlanta*, 255 Ga. 505, 340 S.E.2d 597, 599 (1986).

62 L.Ed.2d 490 (1980). "Mere telephone or mail contact with an out-of-state defendant, or even the defendant's visits to this state, is insufficient to establish the purposeful activity" required. *Wise v. State Board for Examination, Qualification & Registration of Architects*, 247 Ga. 206, 274 S.E.2d 544 (1981). Nor can a plaintiff manufacture a defendant's minimum contacts by its own unilateral activity. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984). On the other hand, a defendant's physical contact with the forum state is not necessary to a court finding that it has jurisdiction over him or her. *Burger King*, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985). Instead, the touchstone of jurisdiction is the defendant's purposeful and substantial connection with the forum state such that he can reasonably anticipate being haled into court there. *Id.* at 486, 105 S.Ct. at 2189. In this case, the defendant's only real contact with the State of Georgia is that it met with FAA officials within the state and submitted its STC application to the FAA's Atlanta office. This is not substantial contact such that the defendant could anticipate being haled into this Court. Moreover, strong policy reasons militate against a finding that jurisdiction attaches merely through the petitioning of a federal governmental office. Rooted in the constitutional right to petition the government and first recognized in the District of Columbia, the "government contacts" principle prevents a court from exercising jurisdiction based solely on a defendant's contact with a federal instrumentality. *See Environmental Research Int'l, Inc. v. Lockwood Greene Eng'rs, Inc.*, 355 A.2d 808, 813 (D.C.1976) (*en banc*); *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 786–87 (D.C.Cir.

1983), *cert. denied*, 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984). While the principle is more prevalent within the District of Columbia, it is not confined to that locality. *See, e.g., Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestïone Motonave*, 937 F.2d 44 (2d Cir.1991) (noting that court would lack jurisdiction of PLO if jurisdiction were based solely on PLO's contacts with the United Nations headquarters located in New York); *Nichols v. G.D. Searle & Co.*, 783 F.Supp. 233 (D.Md.1992) (invoking bar where jurisdiction was based on defendant's submissions to the Food and Drug Administration); *Jones v. American Tobacco Co.*, 17 F.Supp.2d 706 (N.D.Ohio 1998) (denying motion to reconsider where one defendant's dismissal was based in part on government contacts doctrine); *Sullivan v. Tagliabue*, 785 F.Supp. 1076 (D.R.I. 1992) (government contacts principle precludes jurisdiction based on defendant's lobbying activity). The government contacts bar does not extend to contacts with the federal government for the purpose of perpetrating a fraud upon the government.[3] *See Naartex*, 722 F.2d at 787. This exception is inapplicable here, however, because plaintiffs allege only that the submitted design was misappropriated. Further, in order to raise the fraud exception to the bar, plaintiff must present evidence that the defendant employed the governmental agency as an instrumentality in the fraud. *See id.* No such evidence is presented in this case, and, accordingly, the Court is without personal jurisdiction over this defendant.

In conclusion, for the reasons stated above, the Court GRANTS defendant's motion to dismiss.

---

**3.** There are two other recognized exceptions to the government contacts principle, neither of which are applicable here. One exception allows jurisdiction to attach where the defendant hires an agent to petition the government and the other applies where the defendant sells goods to the government. *See Lex Tex Ltd, Inc. v. Skillman*, 579 A.2d 244, 249 n. 9 (D.C.1990) (agent); *Siam Kraft Paper Co., Ltd. v. Parsons & Whittemore, Inc.*, 400 F.Supp. 810, 812 (D.D.C.1975) (selling of goods).